256

WILLIAM R. STEWART, MARY S. WITHERBEE AND SPOTSWOOD D. BOWERS, EXECUTORS AND TRUSTEES UNDER THE WILL OF LISPENARD STEWART, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 45282. Promulgated June 1, 1933.

*Spotswood D. Bowers, Esq.*, for the petitioners.
*Frank T. Horner, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: On January 31, 1933, report on the above styled case was promulgated (27 B.T.A. 593), concluding with the direction that decision be entered under Rule 50. For brevity the findings of fact included in our former report are incorporated herein by reference. Before entry of decision the respondent filed a motion asking, in effect, that the report be set aside and its conclusion of law reversed. In support of the motion respondent cited the decision of the Supreme Court in *Reinecke* v. *Smith et al., Executors,* 289 U.S. 172.

In the course of our former opinion, and essential to our conclusion therein, we held that the trustees under the trusts in question constituted an " adverse interest " with respect to the grantor. In the cited case, *Reinecke* v. *Smith et al., Executors, supra,* the power of revocation was placed in the grantor " and either one of the other two trustees or their successors." The Court observed that the trustee owes no duty to the beneficiary to resist alteration or revocation of the trust and that the case must be viewed as if the reserved right of revocation had been vested jointly in the grantor and a stranger to the trust. Consequently, there being no adverse interest, it was held that the grantor was in control of the property and taxable on its income.

In our judgment the conclusion of the Supreme Court is determinative of the issue in the instant case and requires us to reverse our former holding. The Court observed that, " as pointed out in *Burnet* v. *Guggenheim,* (77 L. Ed. 411), the same considerations as to ownership and control affect the power to impose a tax upon the transfer of the corpus and upon the income." The reasoning of the Court negatives any supporting effect of the cases relied on in our opinion. Counsel for petitioner urges that the statements of the Supreme Court in *Reinecke* v. *Smith et al., Executors, supra,* on which reliance is placed, are *obiter*. We do not so view them.

But were it so, they blaze the trail that we should follow. A careful study of the cited decision, and those referred to therein, leaves us with no doubt in our minds. Respondent correctly included in the taxable estate the corpus of the four trusts.

*Decision will be entered under Rule 50.*