EDWARD JACKSON HOLMES AND NORTON WIGGLESWORTH, EXECUTORS OF THE WILL OF HENRIETTA GODDARD FITZ, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 66888. Promulgated March 15, 1934.

*Allison L. H. Newton, Esq.*, for the petitioners.
*Frank T. Horner, Esq.*, for the respondent.

### OPINION.

TRAMMELL: This is a proceeding for the redetermination of a deficiency in estate tax in the amount of $130,048.93. The sole error assigned by the petitioners and submitted for decision is " The inclusion in gross estate of the value at the date of death, to wit, $471,- 610.28, of property transferred by the decedent under declaration of trust dated May 1, 1906 as amended September 25, 1918 and October 31, 1928."

The decedent died on September 28, 1929, and the question here presented is governed by the Revenue Act of 1926, the pertinent provisions of which are set out in the margin.[1]

The parties stipulated that neither the trust instrument nor any of the amendments thereto was made in contemplation of death; that the credit for state estate, inheritance, legacy or succession taxes should be determined in connection with the computation of the tax under Rule 50; and that the value of the property held by the trustees, as of the date of decedent's death, was $471,610.28, as determined by the respondent.

Under date of May 1, 1906, the decedent executed the declaration of trust in question and transferred to the two trustees certain personal property referred to therein, upon the terms and conditions and for the purposes stated. The provisions of the trust instrument material here may be summarized as follows: (1) After payment of expenses, the trustees were required to pay out of the net income remaining the sum of $3,000 per year to one Lizzie R. Doherty during her lifetime, and $10 per month to one John A. Nye, during his lifetime, all the net income remaining, after satisfying the foregoing payments, to be paid to the decedent during her lifetime; (2) upon the death of decedent securities were to be set aside sufficient to provide an income adequate to make such, if any, of the payments above mentioned as might remain payable, and the balance of the principal of the trust fund distributed in the same manner as if the entire fund was then to be distributed under the subsequent provisions of the instrument; (3) upon the death of the decedent, the trustees were required to pay to designated beneficiaries stated amounts from the principal of the trust fund not set aside for the payment of annuities; and (4) to distribute the balance of the principal to other persons in the amounts or percentages specified.

It was further provided that if any of the beneficiaries named died prior to distribution, their issue should take by right of representation, and if all of the beneficiaries named were dead at the date of distribution, leaving no issue then living, all the principal of the

---

[1] Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

(a) To the extent of the interest therein of the decedent at the time of his death;

\* \* \* \* \* \* \*

(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in the case of a bona fide sale for an adequate and full consideration in money or money's worth. \* \* \*

(d) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the time of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke, or where the decedent relinquished any such power in contemplation of his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth. \* \* \*

trust fund should be distributed to and among the persons who, by the laws of Massachusetts then in force, would have been entitled thereto if Walter Scot Fitz (deceased husband of the decedent) had then died intestate possessed thereof, in the same shares provided by said laws.

Article seventh of the trust instrument provided as follows:

The trustees for the time being under this declaration of trust shall have authority, with the concurrence of said Henrietta Goddard Fitz by instrument in writing and under seal, to alter and amend this declaration of trust in any respect, by instrument in writing and under seal duly executed by them and by her. * * *

By an instrument in writing executed September 25, 1918, by decedent and the two trustees, the trust instrument was amended to provide that:

The Trustee or Trustees for the time being shall have authority to pay over and transfer from time to time to said Henrietta Goddard Fitz, free and discharged from all trusts, such portions of the principal as she may from time to time by instrument in writing request.

The quoted amendment to the seventh paragraph of the declaration of trust was amended under date of October 31, 1928, by an instrument executed by the decedent and the trustee for the time being, by inserting after the quoted language the words " but not to the extent of revoking the same."

From the foregoing it appears that after October 31, 1928, the decedent had authority, with the consent of the trustee, " to alter and amend this declaration of trust in any respect," subject only to the limitation that such alteration or amendment should not go " to the extent of revoking the same."

Where such a reserved power can be exercised only with the consent of the beneficiary, whose interest is adverse, the grantor is unable at will to alter the trust, and the transfer is effective when made, not at death. Hence, the decedent's gross estate does not include the value of the trust corpus, subject to tax. *Reinecke* v. *Northern Trust Co.*, 278 U.S. 339. But obviously the instant case does not come within the rule just stated, unless a trustee is an adverse party in interest, because here the reserved power could be exercised with the consent of the trustee and without consulting the beneficiaries, or any of them.

In *Reinecke* v. *Smith*, 289 U.S. 172, the Court held that the income of the trust for the period during which the grantor had reserved the power to modify or revoke the trust instrument in conjunction with either of the other two trustees, was taxable to the grantor as if he had reserved such power to himself alone, and the basis upon which the Court reached its conclusion was in substance that a trustee is

not a beneficiary and, therefore, not an adverse party in interest in relation to the grantor. In its opinion the Court said:

A contrary decision would make evasion of the tax a simple matter. There being no legally significant distinction between the trustee and a stranger to the trust as joint holder with the grantor of a power to revoke, if the contention of the respondents were accepted, it would be easy to select a friend or relative as co-holder of such a power and so place large amounts of principal and income accruing therefrom beyond the reach of taxation upon the grantor while he retained to all intents and purposes control of both.

The cited decision dealt with income tax liability, but the Court clearly indicated its view that the same principle is applicable in a case involving estate tax, saying:

As pointed out in *Burnet* v. *Guggenheim* [288 U.S. 280] the same considerations as to ownership and control affect the power to impose a tax on the transfer of the corpus and upon the income.

See also on this point *William R. Stewart et al., Executors*, 28 B.T.A. 256.

On authority of the above cited decisions, we must view the power reserved by the present decedent, in conjunction with the trustee, so far as concerns the issue before us, as substantially the same as if she had retained the power alone to alter or amend the trust instrument. Under the plain and unambiguous provisions of the instrument, the decedent, even after the amendment of 1928, had the power to change the interests of the beneficiaries or to designate other persons as beneficiaries, and this power was terminated only at her death. What, then, is the effect of such a reserved power?

In *Porter* v. *Commissioner*, 288 U.S. 436, trusts were created with powers reserved in the grantor alone to alter or modify the instruments otherwise than in favor of himself or his estate. In holding that the transfers came within section 302 (d) of the Revenue Act of 1926, the Court said:

The net estate upon the transfer of which the tax is imposed, is not limited to property that passes from decedent at death. Subdivision (d) requires to be included in the calculation all property previously transferred by decedent, the enjoyment of which remains at the time of his death subject to any change by the exertion of a power by himself alone or in conjunction with another. * * * Here the donor retained until his death power enough to enable him to make a complete revision of all that he had done in respect of the creation of the trusts even to the extent of taking the property from the trustees and beneficiaries named and transferring it absolutely or in trust for the benefit of others. So far as concerns the tax here involved, there is no difference in principle between a transfer subject to such changes and one which is revocable.

In *Hoblitzelle* v. *United States* (Ct. Cls.), 3 Fed. Supp. 331, the decedent created a trust for the benefit of her two daughters during their lives, and provided for appointees and remaindermen after their

deaths. The instrument contained the following provision: " The donor hereby reserves the right to change, alter, or amend the terms of this indenture at any time during her life, * * * Provided, however, The donor shall not have the right to revoke and vacate this trust by any such amendment or alteration thereof." The court held on authority of *Porter* v. *Commissioner*, *supra*, that the value of the trust property was properly includable in decedent's gross estate subject to tax, under section 302 of the Revenue Act of 1926.

The petitioners argue on brief in the present case that the amendment of October 31, 1928, whereby the power reserved by the decedent under the seventh paragraph of the trust instrument " to alter and amend," as restricted by the provision, " but not to the extent of revoking the same," meant and was intended to mean that the decedent was thereafter precluded from making any change in the beneficial dispositions then existing under the instrument either by withdrawal of principal or amendment of the trust.

We are unable to concur in the construction of the amendment urged by the petitioners. If such had been the effect intended by the decedent, it would have been a simple matter to indicate clearly her intention by unconditionally renouncing the right reserved " to alter and amend this trust instrument " by eliminating the provisions of the seventh paragraph; but decedent did not do this; she very clearly retained all the power originally reserved, subject only to the limitation that its exercise should not go to the extent of revoking the trust instrument.

Petitioners offered evidence to show that decedent acquired the trust property in question from her deceased husband; that she created the trust to carry out his wishes relative to the eventual disposition of the property; and that in making the final amendment to the trust instrument she intended thereby to make the dispositions of beneficial interests in the trust final and conclusive. Petitioners further argue in their brief that for these reasons the last amendment to the instrument should be construed as making the beneficial interests irrevocable.

The evidence referred to, we think, is as immaterial as the inference suggested is unsound. The decedent did in fact reserve the power in conjunction with the trustee, to alter and amend the trust instrument " in any respect," except that she could not revoke the instrument, and this power she retained to the date of her death. It is, therefore, irrelevant that she might have intended, at the time of executing the last amendment, not to exercise such reserved power. However, there was no provision in the instrument which would legally have prevented her from changing such intention at any time.

Respondent's action in including the stipulated value of the trust property at decedent's death in determining the value of the gross estate is approved. *David J. Lit et al., Executors*, 28 B.T.A. 853; *William R. Stewart et al. ,Executors, supra;* cf. *Chase Natl. Bank* v. *United States*, 278 U.S. 327.

*Judgment will be entered under Rule 50.*