KATE ALLERTON JOHNSTONE, AS EXECUTRIX OF THE ESTATE OF ALLERTON JOHNSTONE, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 66798. Promulgated February 1, 1934.

*John H. Bogardus, Esq.*, for the petitioner.
*Lewis S. Pendleton, Esq.*, for the respondent.

OPINION.

LEECH: The respondent contends that the transfers made by trust A and trust B were intended to take effect in possession or enjoyment at or after the decedent's death, that in trust B the decedent reserved the power to alter, amend, or revoke the trust, and that the properties constituting the corpus in all three trusts passed by general powers of appointment which were conferred on the decedent by the respective instruments creating the trust and which were exercised by him by will. Consequently, the respondent contends that the corpus of all three trusts should be included in the gross estate for purposes of the Federal estate tax.

Section 302 (c), (d), and (f) of the Revenue Act of 1926 is applicable to the issues and reads in part as follows:

SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\*      \*      \*      \*      \*      \*      \*

(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth. \* \* \*

(d) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke, or where the decedent relinquished any such power in contemplation of his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth. \* \* \*

\*      \*      \*      \*      \*      \*      \*

(f) To the extent of any property passing under a general power of appointment exercised by the decedent (1) by will, or (2) by deed executed in contemplation of, or intended to take effect in possession or enjoyment at or after, his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth; * * *

It is the petitioner's contention that by trust A and trust B the decedent made irrevocable transfers of the properties therein described; that the transfers were complete at the respective dates on which the trusts were executed; that the powers of appointment conferred on the decedent by the trust instruments were limited and not general powers; and that, consequently, the value of the corpus of neither of these two trusts should be included in the gross estate under any of the quoted provisions of the statute.

The tax imposed by section 302 (c) of the Revenue Act of 1926 is an excise on the transfer of property by death. *Young Men's Christian Assn.* v. *Davis*, 264 U.S. 47; *Nichols* v. *Coolidge*, 274 U.S. 531; *May* v. *Heiner*, 281 U.S. 238. The real subject of the tax is the shifting of the economic benefits of the property. *Saltonstall* v. *Saltonstall*, 276 U.S. 260; *Chase Natl. Bank* v. *United States*, 278 U.S. 327. The phrase in section 302 (c) of the Revenue Act of 1926, "to take effect in possession or enjoyment at or after his death," includes the trusts or interests in a trust passing from the control of the donor at his death. *Reinecke* v. *Northern Trust Co.*, 278 U.S. 339. In accordance with these principles the corpus of trust A and trust B should be included in the gross estate under the provisions of section 302 (c).

In both of the trusts executed by him the decedent reserved at least a qualified control of the ultimate disposition of the corpus of the trust. He was unmarried at the date of the execution of the trusts and remained so until his death. If he died without issue it was provided that the corpus of the trusts should go to the person or persons or corporations appointed by him by his last will, or, there being no such appointment, to his heirs at law under the laws of descent of the State of Illinois. If the decedent died without issue and exercised the power to appoint the beneficiary or beneficiaries of the trusts, he could divert the corpus thereof from his heirs at law. He could, moreover, revoke any will in which he had at any time exercised the power of appointment and so could have caused the property at his death to vest in his heirs at law, if at death he had no issue. The exercise of the power, however limited it may be, would bring about the shifting of the economic benefits of the property. Likewise, failure to exercise the power of control would operate with similar effect. *Chase Natl. Bank* v. *United States, supra.*

As a matter of fact, the decedent appears to have exercised the power of control over the ultimate disposition of the corpus of trust A and trust B by his last will.

It is our opinion that the instruments creating the trusts, by their provisions respecting the disposition of the trust properties at the decedent's death, left the transfers uncertain and incomplete as to him, and, therefore, subject to the tax. *Saltonstall* v. *Saltonstall*, *supra;* cf. *Bullen* v. *Wisconsin*, 240 U.S. 625.

Moreover, in trust B the decedent reserved a power to alter and revoke the trust which was exercisable by the donor with the consent in writing of the trustee or trustees. The petitioner, citing *White* v. *Erskine*, 47 Fed. (2d) 1014, argues that, since the power to alter or revoke could be exercised only with the consent of the trustees, who were adverse parties, no taxable interest passed from the decedent at his death. It is our opinion that this question has been settled adversely to the petitioner by *Reinecke* v. *Smith*, 289 U.S. 172. In that case the Supreme Court had before it a similar question, arising under the provisions of section 219 (g) of the Revenue Act of 1924. That section relates to the taxation of income. But the Court, citing *Burnet* v. *Guggenheim*, 288 U.S. 280, pointed out that the same considerations as to ownership and control affect the power to impose a tax both on the transfer of the corpus and upon the income.

Section 219 (g) of the Revenue Act of 1924 provided that where the grantor of a trust has, at any time during the taxable year, either alone or in conjunction with any person not a beneficiary of the trust, the power to revest in himself title to any part of the corpus of the trust, then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor. In the *Reinecke* v. *Smith* case the person in conjunction with whom the grantor reserved the power to revest in himself the title to the trust was the trustee. The Supreme Court, after some consideration of the duties of the trustees, said that the case must be viewed as if the reserved right of revocation had been vested jointly in the grantor and a stranger to the trust. The Court further said:

* * * We think Congress may with reason declare that, where one has placed his property in trust subject to a right of revocation in himself and another, not a beneficiary, he shall be deemed to be in control of the property. We can not say that this enactment is so arbitrary and capricious as to amount to a deprivation of property without due process of law. * * *

There is no distinction in principle between *Reinecke* v. *Smith*, *supra*, and the question now under consideration. We, therefore, conclude that trust B is within the provisions of section 302 (d).

In view of the foregoing we deem it unnecessary to consider whether the powers of appointment reserved to himself by the donor

(the decedent) of trust A and trust B were general and, therefore, within the purview of section 302 (f).

The respondent has included in the gross estate for purposes of estate tax the corpus of trust C, which was created by the decedent's mother for his benefit for life. It provided that upon his death the corpus of the trust was to go (1) to his issue; (2) in the event that the decedent died without issue, to the person or persons or corporations appointed by the decedent by his will; (3) in the event of failure of heirs of his body and failure to exercise the power of appointment, to the decedent's legal heirs under the laws of descent of the State of Illinois, excluding his father. The decedent, dying without issue, exercised this power by his will in accordance with the provisions of sections 1330 and 1331 of the Civil Code of the State of California, which was the state of his residence.

Was such power, so exercised, general or special?

The instrument creating the power, to which we must look for its limitations, is unambiguous. Therefore nothing can be added thereto, *United States* v. *Gleason*, 175 U.S. 588, nor do we need the assistance of any rule of construction. *Calderon* v. *Steamship Co.*, 170 U.S. 272. Obviously, the donor neither intended to nor did reserve the right to modify, alter, or amend the power of appointment beyond its life as defined by the instrument creating it. Such definition, in limiting the exercise of the power to the will of decedent, which became effective only at his death, *Ithaca Trust Co.* v. *United States*, 279 U.S. 151; *Knowlton* v. *Moore*, 178 U.S. 41, expressly made the life of the power concurrent with the life of decedent. The former lapsed with the death of the latter. After decedent's death, in no event, was there any power which *could* be changed. Cf. *Cowman* v. *Classen*, 156 Md. 428; 144 Atl. 367, and cases cited therein.

In our opinion, the clear and unambiguously expressed intention of the donor in granting the disputed power in trust C was that, provided decedent died without heirs of his body and the grantor had not modified, altered, or amended it, decedent could exercise the power by will in favor of *any* person.

A power of appointment is general when it can be exercised in favor of any person the donee may select. It is special or limited when exercisable only in favor of persons or classes of persons designated in the instrument creating the power. *Fidelity-Philadelphia Trust Co.* v. *McCaughn*, 34 Fed. (2d) 600; certiorari denied, 280 U.S. 602; *Farmers Loan & Trust Co.* v. *Bowers*, 29 Fed. (2d) 14.

Conditions or contingencies bearing only upon the *right* to exercise a power of appointment do not limit it *when exercised*, and thus are not material in determining whether a power is general or special. *J. Gilmore Fletcher, Executor*, 29 B.T.A. 503.

In our judgment, the power of appointment here in question, contained in trust C, was a general power of appointment granted decedent, with limitations only upon the right to exercise it, within which decedent clearly acted, *J. Gilmore Fletcher, supra*, and subject to divestiture or change by the happening of a condition subsequent—the modification, alteration, or amendment of the power by the donor—which had not occurred when the power was exercised. Cf. *Cowman* v. *Classen, supra*, and cases cited therein, *Vaughn* v. *Converse*, 184 Iowa, 891; 169 N.W. 144.

Further, though it be said that the mother had the right to modify, alter, or amend the instrument creating the questioned trust and, *a fortiori*, the power contained therein, until her death, as petitioner contends, which right we deny existed here, the record discloses the exercise of the power granted within its expressed limitations, the passing of the property covered thereby to the appointee under the power, and no modification, alteration, or amendment thereof. Certainly, then, even under petitioner's contention, *until so changed*, the property included in trust C could and did pass by the exercise of that power of appointment. Cf. *Jones* v. *Clifton*, 101 U.S. 225.

We conclude the power of appointment granted to decedent in trust C is a general power of appointment and the property passing thereunder is therefore within section 302 (f) of the Revenue Act of 1926.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

---

VAN FOSSAN, dissenting: Being of the opinion that under the facts of the case and the law as I understand it, the power of appointment was not a general power, I dissent from the above report as to trust C.