OLD NATIONAL BANK IN EVANSVILLE, AS EXECUTOR OF THE LAST WILL AND TESTAMENT OF WILLIAM H. McCURDY, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 67681. Promulgated October 23, 1934.

*Henry H. Hornbrook, Esq., Charles D. Hamel, Esq.,* and *John Enrietto, Esq.,* for the petitioner.

*L. S. Pendleton, Esq.,* for the respondent.

#### OPINION.

SEAWELL: This proceeding involves the redetermination of a deficiency in estate tax in the amount of $17,898.28. The issue is

whether there should be included in the gross estate of William H. McCurdy, who died June 15, 1930, certain securities and accrued income thereon of a fair market value of $495,093.99 at the date of death of the decedent. The facts were stipulated.

Title to the securities in question was transferred by the decedent on July 25, 1929, to the Central Hanover Bank & Trust Co., a banking corporation in the city of New York, in trust, with directions, among other things, to pay the net income from the trust estate to the grantor during his life, unless sooner terminated. Upon his death, if the trust continued that length of time, 126/360 of the income under $36,000 per year was payable to Lillie E. McCurdy, grantor's wife; 90/360 to Lynn H. McCurdy, grantor's son, and Charlotte McCurdy, his wife, jointly, or to the survivor if one be dead; and 72/360 each to Alice Hazel McCurdy Mumford and Lena Jane McCurdy Chiles, daughters of the decedent, subject, however, to the following provisions.

C. Upon the death of said Lynn H. McCurdy or his wife, Charlotte McCurdy, the entire portion of said income theretofore paid to the two shall be paid to the survivor, and upon the death of such survivor or the death of either of said other named children of the Grantor leaving issue surviving, the share of said net income which would otherwise have been paid to the parent shall be paid to such issue, share and share alike, per stirpes and not per capita.

D. Upon the death of said Lillie E. McCurdy, wife of the Grantor, within the period of the trust hereby created but after the death of the Grantor, then the portion of said income which would otherwise have been paid to her shall be paid as follows:

One-third (⅓) thereof to Evansville College, in Evansville, Indiana;

One-third (⅓) thereof to the ten (10) charitable beneficiaries hereinabove named, and in the proportions there fixed, but subject to the same provisions in event any thereof shall cease to function.

One-third (⅓) thereof to the three (3) children of the Grantor above named, Lynn H. McCurdy, Alice Hazel McCurdy Mumford, and Lena Jane Chiles (as to the said Lynn H. McCurdy, such share to be paid to him and his wife, Charlotte, jointly, and to the survivor of them), and to Helen Hess Hughes and Reuben Paul Hughes, grandchildren of the Grantor, or to such of said children and grandchildren as may be then living (the issue of any of them theretofore dead to take the share which the parent would have taken if living), in the proportions of one (1) part to each child so living or the issue of such as may be dead, and one-half (½) part to each of said Hughes grandchildren, or if either be dead leaving issue surviving, then to such issue; or if one be dead without issue and the other surviving, then to such issue; or if one be dead without issue and the other surviving or if not surviving but leaving issue, then one (1) whole part shall go to such survivor, or such issue, as the case may be.

E. Upon the death of the survivor of said Lynn H. McCurdy and Charlotte McCurdy, his wife, without issue surviving, or upon the death of all such issue following the death of the parents, provided this trust be still continuing, or upon the death of either of said Alice Hazel McCurdy Mumford and Lena Jane McCurdy Chiles without issue surviving, then the share of such income which

would otherwise have been paid to such one so dying shall be distributed, as follows:

One-third (⅓) thereof to Evansville College, in Evansville, Indiana;

One-third (⅓) thereof to the ten (10) charitable beneficiaries hereinabove named, and in the proportions there fixed, and subject to the same provisions in event any thereof shall cease to function; and,

One-third thereof to the children of the Grantor above named, Lynn H. McCurdy, Alice Hazel McCurdy Mumford and Lena Jane McCurdy Chiles, and to Helen Hess Hughes and Reuben Paul Hughes, grandchildren of the Grantor, or to such of said children and grandchildren as may be then living (the issue of any of them theretofore dead to take the share which the parent would have taken if living), in the proportions of one (1) part to each child so living or the issue of such as may be dead, and one-half (½) part to each of said Hughes grandchildren, or if either be dead leaving issue surviving, then to such issue; or if one be dead without issue and the other survive, or if not surviving but leaving issue, then one (1) whole part shall go to such survivor, or such issue, as the case may be.

The income of the trust in excess of $36,000 was to be paid to certain charitable organizations specified in the trust deed.

The instrument contains additional pertinent provisions reading as follows:

### ARTICLE SECOND.

Said trust shall continue, unless sooner terminated under the provisions therefor hereinafter set forth, until a period fifteen (15) years from the date of the death of the Grantor, provided either said Lillie E. McCurdy, wife of the Grantor, or said Lynn H. McCurdy, son of the Grantor, be still living; and otherwise the same shall terminate on the death of the last survivor of said Lillie E. McCurdy and said Lynn H. McCurdy; and on the termination of said trust period the principal then constituting the Trust Estate shall be distributed as follows:

A. In the event the Grantor be still living, all thereof shall be paid over to the Grantor.

B. In the event the Grantor be not then living, the same shall be distributed as follows:

(1) In event said Lillie E. McCurdy, wife of the Grantor, be still living there shall be transferred and set over to the Old National Bank in Evansville, Indiana, as Trustee, one hundred twenty-six three hundred sixtieths (126/360) of the securities then constituting the Trust Estate (division to be made in kind by the Trustee so far as is practical, and otherwise to be made so as to approximate as nearly as possible one hundred twenty-six three hundred sixtieths (126/360) in value of the entire Trust Estate, which securities shall be held by said Old National Bank in Evansville, as Trustee, on the following trusts:

The income thereof shall be paid to said Lillie E. McCurdy, wife of the Grantor, so long as she shall live, and upon her death the principal shall be distributed as follows:

(a) Twenty-five thousand Dollars ($25,000) in value thereof shall be paid over to such person or persons as the said Lillie E. McCurdy may by her will designate, or failing such designation the entire principal shall be distributed as provided for the remainder in paragraph (b) next following;

(b) The remainder thereof shall be divided as follows:

One-half (½) thereof to Evansville College, in Evansville, Indiana;

One-fourth (¼) thereof to the ten (10) charitable beneficiaries hereinabove specified, subject to the same conditions in event any thereof shall have ceased to function; and

One-fourth (¼) thereof to those of the three (3) children of the Grantor, Lynn H. McCurdy, Alice Hazel McCurdy Mumford and Lena Jane McCurdy Chiles, and to Helen Hess Hughes and Reuben Paul Hughes, grandchildren of the Grantor, or to such of said children and grandchildren as may be then living (the issue of any of them theretofore dead to take the share which the parent would have taken if living), in the proportions of one (1) part to each child so living or the issue of such as may be dead, and one-half (½) part to each of said Hughes grandchildren, or if either be dead leaving issue surviving, then to such issue; or if one be dead without issue and the other survive, or if not surviving but leaving issue, then one (1) whole part shall go to such survivor, or such issue, as the case may be.

(2) The remaining two hundred thirty-four three hundred sixtieths (234/360) part of said Trust Estate, or all thereof in event said Lillie E. McCurdy, wife of the Grantor, be not then living, shall be distributed as follows:

Ninety two hundred thirty-fourths (90/234) thereof shall be assigned and paid over to Lynn H. McCurdy, son of the Grantor, if he be then living;

Seventy-two two hundred thirty-fourths (72/234) thereof shall be assigned and paid over to Alice Hazel McCurdy Mumford, daughter of the Grantor, if she be then living, and

Seventy-two two hundred thirty-fourths (72/234) thereof shall be assigned and paid over to Lena Jane McCurdy Chiles, daughter of the Grantor, if she be then living.

If any of said three (3) children of the Grantor be then dead leaving issue surviving, such issue shall receive the same portion which the parent would have received if then living.

(3) If any of said children of the Grantor be dead leaving no issue surviving at the termination of said trust period, then the portion of said Trust Estate which would otherwise have been paid to such child of the Grantor, or to such child's issue had there been issue them surviving, shall be distributed as follows: [The remaining terms of the article provide for the same gifts over as the preceding paragraph (b).]

### ARTICLE FOURTH.

The Grantor shall have the right at any time during his life, with the consent of his wife, Lillie E. McCurdy, if she be living, or if she be dead with the consent of any one of the living children of the Grantor, to revoke this indenture of trust or to alter or amend any term or provision thereof in any way or to any extent, except that the Grantor shall have no power to alter or diminish the compensation of the Trustee. Upon delivery to the Trustee by the Grantor of written notification thereof, this indenture of trust shall, be deemed to have been revoked, altered or amended, as set forth in such notification.

### ARTICLE SEVENTH.

This indenture shall be construed according to the laws of the State of New York, where it is made, and where it is to be enforced.

The decedent had no right, title, or interest in any of the securities forming the corpus of the trust at the time of his death, except such as might appear under the indenture of trust. The trust was not revoked or modified in any way prior to decedent's death.

The decedent left surviving him his wife, Lillie E. McCurdy, a son, Lynn H. McCurdy, two daughters, Alice Hazel McCurdy Mumford and Lena Jane McCurdy Chiles, and four grandchildren, Helen Hess Hughes and Reuben Paul Hughes and Lynn McCurdy and William H. McCurdy, the latter two being children of Lynn H. McCurdy and his wife.

The parties have stipulated that the transfers were not made by the decedent in contemplation of death. The respondent filed no brief. At the hearing his counsel contended that the value of the property should be included in the decedent's gross estate under the provisions of either section 302 (c) or (d) (prior to amendments) of the Revenue Act of 1926, reading in part as follows:

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

*          *          *          *          *          *          *

(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth. * *. *

- (d) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke, or where the decedent relinquished any such power in contemplation of his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth. * * *

The respondent's contentions respecting the applicability of section 302 (c) are that the remainder interests set forth in the trust instruments were contingent and not vested. He does not question the right of petitioner to have the trust instrument construed according to the laws of New York as provided for therein.

In *Elizabeth B. Wallace, Executrix*, 27 B. T. A. 902; affirmed *per curiam*, 71 Fed. (2d) 1002, on authority of *McCormick* v. *Commissioner*, 283 U. S. 784, and *May* v. *Heiner*, 281 U. S. 238, a case involving the laws of New York, the decedent transferred certain securities, in trust, with directions to the trustee to pay the income therefrom to herself for life and upon her death to assign and deliver the corpus to her daughter, if living. In case the daughter predeceased her, the trust estate was to revert to the grantor. After reviewing the authorities at length, we held that the daughter took a vested remainder by the execution of the indenture of trust. We have the same situation here. The grantor reserved a life estate in the income from the trust and provided for the transfer of the corpus to himself in case he survived his wife and son. In the event the grantor predeceased his wife and son the income under $36,000 per year was

to be paid to his wife, son and his wife, jointly, and two daughters for a period of 15 years. Upon the termination of the trust at the end of the 15-year period, the grantor's wife was to receive a beneficial interest in a portion of the corpus for life, with a power of appointment over $25,000, the remainder of the shares to go to others upon her death, and his son and his wife, jointly, and two daughters were to get the remainder of the estate in specified proportions. There were at all times remaindermen to take upon the termination of the grantor's life estate. The remainder interests created by the instrument were vested, not contingent.

The respondent may not include the value of the securities in the decedent's gross estate on the ground that the property was transferred to take effect in possession or enjoyment at or after decedent's death. *Elizabeth B. Wallace, Executrix, supra; Flora M. Bonney et al., Executrices*, 29 B. T. A. 45; *Louis C. Raegner, Jr., et al., Executors*, 29 B. T. A. 1243.

In claiming that the trust property is includable in the gross estate under the provisions of section 302 (d), the respondent contends for a literal construction of the words " any person " appearing in the statute. The words " any person " as used in section 302 (d) have been interpreted to mean " any person not a beneficiary of the trust." *David J. Lit et al., Executors*, 28 B. T. A. 853; affd., 72 Fed. (2d) 55; *City Bank Farmers Trust Co., Trustee*, 29 B. T. A. 1141.

In *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339, four of a group of five trusts involved in the case were subject to modification by the grantor and the sole beneficiary of each trust, acting jointly, and the grantor was required to act jointly with a majority of the beneficiaries of the remaining trust to bring about a change of its provisions. In holding that the corpus of all of those trusts was not includable in the gross estate of the grantor under the provisions of section 402 (c) of the Revenue Act of 1921, the Court remarked:

\* \* \* If it be assumed that the power to modify the trust was broad enough to authorize disposition of the trust property among new beneficiaries or to revoke the trusts, still it was not one vested in the settlor alone, as were the reserved powers in the case of the two trusts. [Ones in which the settlor alone could revoke trusts.] He could not effect any change in the beneficial interest in the trusts without the consent, in the case of four of the trusts, of the person entitled to that interest, and in the case of one trust without the consent of a majority of those so entitled. Since the power to revoke or alter was dependent on the consent of the one entitled to the beneficial, and consequently adverse, interest, the trust, for all practical purposes, had passed as completely from any control by decedent which might inure to his own benefit as if the gift had been absolute.

The case of *Cyrus H. McCormick et al., Executors*, 13 B. T. A. 423, involved a trust in which the grantor reserved the power to terminate the instrument in whole or in part with the written consent of one or

more of the three other beneficiaries of the trust. The question of whether this reservation of power was sufficient to make the transfer one to take effect in possession or enjoyment at or after death, within the meaning of section 402 (c) of the 1921 Act, was not presented to or specifically passed upon by this Board. Power reserved by the grantor to revoke the trust was urged by the Government before the Circuit Court of Appeals as ground for reversing the Board's decision. In reversing the decision on other grounds, the court said:

* * * Notwithstanding the possibility of tax evasion lurking in such an agreement, we are inclined to the view that the trust agreement here under consideration is, so far as the revocable clause is concerned, within the class considered in *May* v. *Heiner*. In other words, the condition upon which revocation might take place did not of itself establish an intention to have the trust take effect after settlor's death. [*Commissioner* v. *McCormick*, 43 Fed. (2d) 277.]

In a *per curiam* decision the Supreme Court reversed the Circuit Court upon the authority of *May* v. *Heiner*, *supra*, in which the reasoning of the *Northern Trust Co.* case was followed. *McCormick* v. *Commissioner*, *supra*.

In *Reinecke* v. *Smith*, 289 U. S. 172, the Court used the following language with respect to the conclusions it reached in the *Northern Trust Co.* case:

* * * The tax was upheld as applied to the corpus of trusts over which the grantor had sole power of revocation. It was, however, condemned as to those where revocation was dependent upon joint action of the grantor and the beneficiary, for the reason that the interest of the beneficiary was adverse and the grantor unable at will to alter or destroy the trust. * * *

The same Court in *Porter* v. *Commissioner*, 288 U. S. 436, a case arising under the 1926 Act, said that the transfers in the *Northern Trust Co.* case were held nontaxable because the "title was put beyond his [grantor's] control."

These cases establish that where the power to revoke a trust instrument is vested in the grantor acting in conjunction with one or more beneficiaries having interests adverse to him, the transfer is one taking effect with the execution of the instrument rather than in possession or enjoyment at or after his death.

While the *Northern Trust Co.* and *McCormick* cases were decided under the Revenue Act of 1921, which contains no provision such as section 302 (d) of the 1926 Act, they point to the proper interpretation of the latter provision. See *Burnet* v. *Guggenheim*, 288 U. S. 280; *Estate of Irving Lee Stone*, 26 B. T. A. 1; *Edna T. Stevens et al., Executors*, 29 B. T. A. 641; *David J. Lit et al., Executors*, *supra*.

Here the grantor reserved the power to revoke, alter, or amend the trust instrument with the consent of his wife, and in case of her

·death, with the consent of any one of his three children. As already pointed out, the decedent's wife and children were to enjoy the fruits of the trust property for a period of 15 years after his death. Upon the termination of the trust at that time the wife was to receive a life estate in 126/360 of the property, with a power of appointment over $25,000 of such interest, the remainder of the share to go to specified beneficiaries upon the death of the wife. The remaining 234/360 of the corpus was to be divided among the son and daughters, if living, otherwise to their issue, if any, and if no issue, then to others. We think our answer here is controlled by the *Northern Trust Co.* and *McCormick* cases, *supra*, and, accordingly, hold that no part of the trust property should be included in the decedent's gross estate under the provisions of section 302 (d) of the Revenue Act of 1926.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*