STEWART W. BOWERS, TRUSTEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 79209.  Promulgated May 22, 1936.

*Spotswood D. Bowers, Esq.*, for the petitioner.
*L. S. Pendleton, Esq.*, for the respondent.

598

## OPINION.

SEAWELL : The trust instrument involved in this proceeding was executed nine years before the settlor's first child was born. The proceeds of the trust property, less expenses, were to be paid to the settlor during his life, and upon his death the trust property was to be conveyed to such of his children as survived him, and to the descendants of his children then dead, as he should by his will direct and appoint; and, if he died intestate, the property should be conveyed to his children him surviving and the descendants of his children who were dead, taking by representation of the parents' share only.

Being without children at the time, it would have been strange if the settlor had not lodged a power somewhere to provide a taker of the estate at his death. He did lodge such power by retaining it for himself. Children were born and he never exercised the power which he had reserved or resigned it as he might have done. The children received no more property under the trust instrument than they would have received if it had not been written. So far as the trust instrument is concerned, the gift which he intended for his children was not a completed gift until his death, at which time the law would have given them the property without the trust. With the

power to fix and determine the ultimate disposition of the property of the trust remaining as it was in the settlor, the children took not by inheritance, but under the instrument. What the law taxes is not the property belonging to the decedent at his death, but the *transmission* of that property from the dead to the living. *Saltonstall* v. *Saltonstall*, 276 U. S. 260. As otherwise expressed, the law taxes "not the interest to which some person succeeds on a death but the interest which ceased by reason of death." *Knowlton* v. *Moore*, 178 U. S. 41; *Edwards* v. *Slocum*, 264 U. S. 61. The tax is an excise measured by the net value of the estate, that is, the gross estate from which deductions allowed by law have been taken. *Y. M. C. A.* v. *Davis*, 264 U. S. 47. The criteria by which gross values of an estate of a decedent are ascertained are found in section 302 and subsections thereof (a) to (i), inclusive, of the 1926 Revenue Act, as amended. The amendments are here unimportant. We are not here concerned with deductions by which we arrive at the net estate. They are not in dispute. The sole issue in this case is whether the language of the trust requires placing the corpus thereof in the gross estate as provided by section 302 (c) or section 302 (d). Petitioner in his brief has expended some effort to show that the case does not fall within the provisions of section 302 (f). As respondent makes no contention that it does so fall, we may omit discussion of the question. Section 302 (c) and (d) are copied in the margin.[1]

The existence of the power mentioned in subsection (d) of the law does not vest the estate in the donee. *United States* v. *Field*, 255 U. S. 257. It is the power not exercised, but remaining in the donor at death, which simulates the trust estate to an undevised estate of the donor and renders it taxable. The Supreme Court, in *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339, at page 345, said "A transfer made subject to a power of revocation in the transferrer, terminable at his death, is not complete until his death." The Court had reference to trusts in that case designated in the opinion as the "two trusts", in each of which there was reserved to the settlor alone a power to revoke, and not to the other five trusts in which no such power was reserved. The value of the estate embraced in the "two trusts" was held includable in the gross estate

---

[1] Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\*        \*        \*        \*        \*        \*        \*

(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, \* \* \* intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth. \* \* \*

(d) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend or revoke \* \* \*.

for reasons first suggested in *Saltonstall* v. *Saltonstall, supra*, and adopted by the Court in *Chase National Bank* v. *United States*, 278 U. S. 327, at page 336, as follows:

So long as the privilege of succession has not been fully exercised, it may be reached by the tax. * * * And in determining whether it has been so exercised technical distinctions between vested remainders and other interests are of little avail, for the shifting of the economic benefits and burdens of property, which is the subject of a succession tax, may even in the case of a vested remainder be restricted or suspended by other legal devices. A power of appointment reserved by the donor leaves the transfer, as to him, incomplete and subject to tax. * * *

In the instant case it is argued that, unlike the case of *Reinecke* v. *Northern Trust Co., supra*, and *Chase National Bank* v. *United States, supra*, there was no power in the settlor to *revoke* the trust, for the power herein reserved was limited to the change of beneficiaries among the class, to wit, the settlor's children and certain descendants, and the change of proportions among them. But conceding this point would be doubtful value to petitioner's cause. The words "alter, amend, or revoke" contained in the statute, as pointed out by the Supreme Court in *Porter* v. *Commissioner*, 288 U. S. 436, 443, are separated by the disjunctive; and the Court said:

* * * We find nothing in the context or in the policy evidenced by this and prior estate tax laws or in the legislative history of subdivision (d) to suggest that conjunctive use of these words was intended, or that "alter" and "modify" were used as equivalents of "revoke" or are to be understood in other than their usual meanings.

In that case the donor had reserved the power to "alter or modify" the indenture in any way "except any change in favor of himself or his estate." Referring to this situation, the Court further said:

* * * So far as concerns the tax here involved, there is no difference in principle between a transfer subject to such changes and one that is revocable. The transfers under consideration are undoubtedly covered by subdivision (d).

It would seem also that an interest passing at death, under the circumstances herein present, would be one "intended to take effect in possession or enjoyment at or after death" and includable under subsection (c). Cf. *Reinecke* v. *Northern Trust Co., supra; Guaranty Trust Co.* v. *Blodgett*, 287 U. S. 509; *W. H. Holderness, Administrator*, 33 B. T. A. 155.

Petitioner presses upon our consideration the reasoning, as applied to the instant case, of several cases cited in his brief wherein the donor had provided in the trust that the trust property should revert to himself in case the donee should predecease him. The cases cited have no reference to a situation such as is before us. In those cases cited there was no power in the donor at the time of his death

to change the enjoyment of the estate. The gifts were completed *inter vivos*, with a mere possibility of reversion. The death of the donor, occurring before that of the donee, passed no title or economic benefit to anyone, but only obliterated the possibility of title returning to the donor. *Helvering* v. *St. Louis Union Trust Co.*, 296 U. S. 39; *Becker* v. *St. Louis Union Trust Co.*, 296 U. S. 48; *Old National Bank in Evansville, Executor*, 31 B. T. A. 379; (reversed by the Seventh Circuit Court of Appeals, 82 Fed. (2d) 157, to conform to *Helvering* v. *City Bank Farmers Trust Co.*, 296 U. S. 85). In the case of *Klein* v. *United States*, 283 U. S. 231, also cited in petitioner's brief, there was a gift of a life estate with an express reservation to the donor of the fee. When the donor died the fee, subject to the life estate, was left as part of his estate and properly taxed. Petitioner also cites *Helvering* v. *Helmholz*, 296 U. S. 93, and *White* v. *Poor*, 296 U. S. 98, but in neither of these cases was there any power to alter, amend, or revoke the trust within the meaning of section 302 (d). *Commissioner* v. *Chase National Bank of New York*, 83 Fed. (2d) 1007.

Petitioner contends, however, that the power of appointment retained by Matthew H. Morgan, the settlor here, was merely a limited power permitting him to go no further than to designate the proportions his children, and descendants of his children who had died, would take in the trust principal at his death. Petitioner says and contends that such limited power of appointment fails to bring the case within the provisions of section 302 (d). For this position he relies upon the case of *Equitable Trust Co. of New York, Administrator*, 31 B. T. A. 329, a case wherein the decedent retained the right to designate the proportions in which her descendants should share the corpus. The Board held that the corpus was not includable in the gross estate because the settlor had only the power to appoint by will the proportions of the corpus distributable to her lawful descendants, "a power to supplement, amplify or make more specific" which was not a power to alter or amend the trust within the meaning of subdivision (d). Since petitioner's brief was filed herein the *Equitable Trust Co.* case (title changed upon substitution of trustees to *Chase National Bank of New York*) has been reversed by the United States Circuit Court of Appeals for the Second Circuit. In the opinion of the court (*ubi supra*) it is said:

We think subdivision (d) authority for the inclusion of the trust corpus in the decedent's gross estate. Up to the time she died she had the power to alter the proportions in which her descendants should take the property in accordance with the original terms of the trust instrument. * * * Such a power to alter or amend the substance of the transfer by trust brought it within the scope of the decision in *Porter* v. *Commissioner*, 288 U. S. 436,

and justified the inclusion of the property in the gross estate of the decedent. * * *

In its facts, the case of *Commissioner* v. *Chase National Bank of New York, supra,* differs but slightly from the facts present in *W. H. Holderness, Administrator, supra,* in which the Board held the same view as now expressed by the Circuit Court of Appeals and adjudged the trust corpus includable in decedent's gross estate for Federal estate tax purposes. See also *Kate Allerton Johnstone, Executrix,* 29 B. T. A. 957; *Day Kimball et al., Administrators,* 29 B. T. A. 60; *Dort* v. *Helvering,* 69 Fed. (2d) 836; *Mead* v. *Welch,* 13 Fed. Supp. 981.

Finally, petitioner says and contends that since the deed of trust in question was created prior to the 1926 Revenue Act, the trust *res* can not be included in gross estate, for to do so would be in violation of the Constitution. This contention can not be sustained. Decedent lived after the enactment of the law and until July 17, 1932, retaining the reserved power which he might have given up to rid his estate of this tax liability. He was denied no right under the Fifth Amendment. *Porter* v. *Commissioner, supra; Helvering* v. *City Bank Farmers Trust Co., supra; Witherbee* v. *Commissioner,* 70 Fed. (2d) 696.

We, accordingly, sustain the Commissioner and hold that the value of the trust principal should be included in decedent's gross estate.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*