# HELVERING, COMMISSIONER OF INTERNAL REVENUE, *v.* HELMHOLZ.

No. 14. Argued October 15, 16, 1935.—Decided November 11, 1935.

*Mr. David E. Hudson,* with whom *Solicitor General Reed, Assistant Attorney General Wideman,* and *Mr. Sewall Key* were on the brief, for petitioner.

*Mr. James Quarles,* with whom *Messrs. Louis Quarles* and *James T. Guy* were on the brief, for respondent.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

This case, like *Helvering* v. *City Bank &c. Tr. Co., ante,* p. 85, arises under § 302 (d) of the Revenue Act of 1926. The respondent is administrator and sole beneficiary of the estate of his wife, Irene C. Helmholz. In 1918 she, her father and mother and her brothers and sisters joined in an indenture conveying to a trustee all of the shares of stock in the Patrick Cudahy Family Company. Her contribution was 999 shares, the dividends from which the trustee was to receive, and pay, less expenses, to Mrs. Helmholz for life, remainder to her appointee by will and remainder to her issue; and in event she or any other subscriber should die without issue the net-dividends on the stock delivered to the trustee by such decedent were to be paid " to the surviving subscribers or their issue living at the time of distribution proportionately by right of representation."

The paragraph of the indenture relative to the termination of the trust is:

" Fifth: The term of the primary trust hereby created shall end (1) upon the death of the last surviving grandchild of Patrick and Anna M. Cudahy, they being then deceased, or (2) upon delivery to the said trustee of a written instrument signed by all of the then beneficiaries, other than testamentary appointees, declaring said trust term at an end, or (3) upon delivery to said trustee of a copy (certified by the president or secretary of the Patrick

Cudahy Family Company and under its corporate seal) of a resolution adopted by unanimous vote of the board of directors of said corporation declaring said trust term at an end, whereupon and in either of said events the said trustee shall distribute the capital stock of said the Patrick Cudahy Family Company to the beneficiaries then entitled to receive the net dividends thereof other than testamentary appointees; excepting the shares to the dividends upon which such testamentary appointees are entitled, which shall be held by said trustee as hereinbefore provided.

" The term of the primary trust hereby created shall also terminate upon the dissolution of said the Patrick Cudahy Family Company in the manner and for any of the causes provided by law, whereupon the trustee shall distribute all the proceeds and assets by it received upon the liquidation of said corporation to the beneficiaries other than testamentary appointees then entitled to receive net dividends or income in the proportion in which they are severally entitled, excepting the proceeds and (or) assets of shares to the net dividends or income upon which testamentary appointees are entitled, which shall continue to be held in trust as hereinbefore provided.

" The term of the primary trust hereby created shall also terminate upon the extinction of issue of the said Patrick and Anna M. Cudahy, they being then deceased, whereupon the said trustee shall convey and transfer the stock of said the Patrick Cudahy Family Company to the Wisconsin Trust Company as trustee, to have and to hold the same upon the trusts and for the uses and purposes embraced in a certain resolution or declaration of trust adopted by the board of directors of the Wisconsin Trust Company May 24, 1915, establishing a certain community trust known as the Milwaukee Foundation for administration and distribution as in said trust declaration pre-

scribed and defined, subject, however, to any existing valid testamentary appointments made by subscribers hereto as hereinbefore provided."

Irene C. Helmholz left a will bequeathing all her property to respondent. The Supreme Court of Wisconsin held this a valid exercise of her power of appointment under the trust deed. [*First Wisconsin Trust Co.* v. *Helmholz,* 198 Wis. 573; 225 N. W. 181.] The petitioner determined that the value of the 999 shares should be included in her gross estate. The Board of Tax Appeals reversed this determination.[1] The United States Court of Appeals for the District of Columbia, to which an appeal was taken pursuant to stipulation for hearing by that court, affirmed the Board.[2] We granted certiorari.

What is said in *Helvering* v. *City Bank &c Tr. Co., supra,* shows that the transfer was complete when the trust was created in 1918. The features which differentiate this case are the absence of a reserved power of revocation or alteration and the retroactive operation of the Act. Either requires a decision that the corpus of the trust may not be included in the gross estate.

The words of § 302 (d) are, " where the enjoyment [of the transfer] was subject at the date of his death to any change *through the exercise of a power,* either by the decedent alone or in conjunction with any person, *to alter, amend or revoke* . . ." The agreement under consideration contains no such power as that described. Like every well drawn instrument it embodies provisions for the termination of the trust. An examination of paragraph Fifth shows that these were, in the main, such as any far-sighted settlor would employ. Since the beneficiaries were the issue of Patrick and Anna Cudahy it was natural to provide that upon the extinction of issue the trust

[1] 28 B. T. A. 165.

[2] 64 App. D. C. 114; 75 F. (2d) 245.

should terminate and the principal be turned over to a secondary charitable trust. Inasmuch as the corpus comprised only the shares of a corporation there was nothing out of the ordinary in requiring that the trust terminate upon dissolution of the company and that the proceeds of liquidation be distributed amongst the then beneficiaries. It was not unnatural to direct that the trust should end if the managers of the company should unanimously so decide. And termination upon the death of the last surviving grandchild of Patrick and Anna Cudahy, they being then deceased, is certainly not unusual.

The petitioner, however, pitches upon the only remaining event of termination, asserting it to be the equivalent of a power to revoke, or to amend, to be exercised by the settlor with others. This is found in the clause providing that the delivery to the trustee of a writing signed by all the then beneficiaries (other than testamentary appointees) declaring such purpose, shall be effective to end the trust. He points out that such a writing might have been executed by Mrs. Helmholz and her co-beneficiaries while she was alive, with the effect of revesting in her the shares which she had delivered into the trust. This argument overlooks the essential difference between a power to revoke, alter or amend, and a condition which the law imposes. The general rule is that all parties in interest may terminate the trust.[3] The clause in question added nothing to the rights which the law conferred. Congress cannot tax as a transfer intended to take effect in possession or enjoyment at the death of the settlor a trust created in a state whose law permits all the beneficiaries to terminate the trust.

Another and more serious objection to the application of § 302 (d) in the present instance is its retroactive oper-

---

[3] Restatement of the Law of Trusts, §§ 337, 338. We are referred to no authority to the contrary in Wisconsin, the place of the transaction.

ation. The transfer was complete at the time of the creation of the trust. There remained no interest in the grantor. She reserved no power in herself alone to revoke, to alter or to amend. Under the revenue act then in force the transfer was not taxable as intended to take effect in possession or in enjoyment at her death. *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339. If § 302 (d) of the Act of 1926 could fairly be considered as intended to apply in the instant case its operation would violate the Fifth Amendment. *Nichols* v. *Coolidge*, 274 U. S. 531.

The judgment is

*Affirmed.*

MR. JUSTICE BRANDEIS, MR. JUSTICE STONE and MR. JUSTICE CARDOZO concur in the result on the ground last stated in the opinion.