BOSTON SAFE DEPOSIT AND TRUST COMPANY AND CHARLES COBB WALKER, EXECUTORS OF THE WILL OF LOUISE COBB WALKER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 79144. Promulgated August 7, 1936.

*Charles M. Rogerson, Esq.*, for the petitioners.
*S. B. Anderson, Esq.*, for the respondent.

914

OPINION.

BLACK: The material provisions of section 302 (d) and (h) of the Revenue Act of 1926, which in our opinion control the disposition of this case, are as follows:

SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\*　\*　.　\*　\*　\*　\*

(d) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke,　\*　\*　\*

\*　\*　\*　\*　\*　\*　\*

(h) Except as otherwise specifically provided therein subdivisions (b), (c), (d), (e), (f), and (g) of this section shall apply to the transfers, trusts, estates, interests, rights, powers, and relinquishment of powers, as severally enumerated and described therein, whether made, created, arising, existing, exercised, or relinquished before or after the enactment of this Act.

On the date of decedent's death, by reason of the reservation retained in clause twelve, the enjoyment of the trust was subject to change through the exercise of a power to amend by the decedent in conjunction with the trustees. This reservation to amend was in conjunction with "any person" as that term is used in the act. *Helvering* v. *City Bank Farmers Trust Co.*, 296 U. S. 85. The transfer made by the decedent, therefore, comes squarely within the provisions of subdivision (d) of section 302. Since subdivision (d) was first introduced into the Revenue Act of 1924 and reenacted in the Revenue Act of 1926, our question is whether that subdivision can be applied to a transfer made in 1921, at a time when there was no such provision in the statutes pertaining to Federal estate taxation. In view of subdivision (h), *supra*, there can be no doubt as to the intention of Congress in the matter. Petitioner, however, contends that Congress did not have constitutional authority to give the subdivision a retroactive effect on trusts created prior to any such statutory provision, and in support thereof cites *Helvering* v. *Helm-*

*holz*, 296 U. S. 93. In that case, on the subject of the retroactive operation of subdivision (d), *supra*, the Supreme Court said:

Another and more serious objection to the application of section 302 (d) in the present instance is its retroactive operation. The transfer was complete at the time of the creation of the trust. There remained no interest in the grantor. She reserved no power in herself alone to revoke, to alter, or to amend. Under the revenue act then in force, the transfer was not taxable as intended to take effect in possession or in enjoyment at her death. *Reinecke* v. *Northern Trust Company*, 278 U. S. 339, 49 S. Ct. 123, 73 L. Ed. 410, 66 A. L. R. 397. If section 302 (d) of the Act of 1926 could fairly be considered as intended to apply in the instant case, its operation would violate the Fifth Amendment. *Nichols* v. *Coolidge*, 274 U. S. 531, 47 S. Ct. 710, 71 L. Ed. 1184, 52 A. L. R. 1081.

The *Helmholz* case is, we think, distinguishable from the one now being considered. There, the transfer was complete when the trust was created. Here, the transfer was subject to change and was in fact changed several times. There, no interest remained in the grantor. The trust could be revoked only by the settlor securing the consent of all the beneficiaries. Here, the grantor retained a right to amend in conjunction with the trustees, who were not beneficiaries of the trust, and on January 11, 1924, in exercise of that power, the trustees were directed to pay certain amounts to the legal representatives of the decedent's estate. See clause fifteen set out in our findings. In the *Helmholz* case the decedent reserved no power in herself *alone* to revoke, alter or amend. That is also true here, but she did, however, reserve a power to amend in conjunction with the trustees. Because of these distinguishing features we are of the opinion that the instant proceeding is not controlled by the *Helmholz* decision.

The mere fact that the trust in question was created *prior* to the approval of the Act of 1924 is no ground for holding subdivision (d) not applicable. In *Porter* v. *Commissioner*, 288 U. S. 436, the decedent in 1918 and 1919 transferred certain bonds to a trustee for the benefit of his two children and grandchildren. He reserved the power *alone* to alter or modify. In holding that the transfers, although made prior to the approval of the 1924 Act, were "undoubtedly covered by subdivision (d)" of section 302 of the Revenue Act of 1926, and that Congress did not violate the Constitution in providing that subdivision (d) applied to transfers made before as well as after the enactment of the act, the Supreme Court said:

But the reservation here may not be ignored for, while subject to the special limitation, it made the settlor dominant in respect of other dispositions of both corpus and income. His death terminated that control, ended the possibility of any change by him, and was, in respect of title to the property in question, the source of valuable assurance passing from the dead to the

living. That is the event on which Congress based the inclusion of property so transferred in the gross estate as a step in the calculation to ascertain in the amount of what in section 301 (26 USCA secs. 1092, 1093) is called the net estate. Thus was reached what it reasonably might deem a substitute for testamentary disposition.

The difference between the *Porter* case and the instant proceeding is that in the former the power to alter or modify was reserved to the grantor *alone*, while here the power to amend was reserved to the grantor in conjunction with the trustees. We think, nevertheless, the same rule applies here as in the *Porter case*. See *Witherbee* v. *Commissioner*, 70 Fed. (2d) 696; certiorari denied, 293 U. S. 582; rehearing on writ of certiorari denied, 293 U. S. 631.

In *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339, the Supreme Court did not pass upon the effect of a power to amend reserved to the grantor in conjunction with a *trustee*, as that situation was not present in any of the seven trusts there involved. In two of the trusts a power to revoke was reserved to the grantor alone; the transfers were held taxable; in five a power was reserved "to alter, change or modify the trust", which was to be exercised by the settlor and one or more of the beneficiaries. These transfers were held nontaxable, on the ground that, since the beneficiaries were adverse interests, the transfers were complete when made. (Cf. *Mary Q. Hallock et al., Trustees*, 34 B. T. A. 575.) The Supreme Court has since held, in *Reinecke* v. *Smith*, 289 U. S. 172 (an income tax case), that a trustee is not subsumed under the designation "beneficiary." In the course of its opinion it said:

We think Congress may with reason declare that, where one has placed his property in trust subject to a right of revocation in himself and another, not a beneficiary, he shall be deemed to be in control of the property.

We think it follows, therefore, that, where a decedent creates a trust prior to the Revenue Act of 1924 and reserves a power to amend the trust in conjunction with one not a beneficiary, the trust is to be considered as not irrevocable when made and, therefore, the proper subject of a transfer tax. *Witherbee* v. *Commissioner, supra; Edward Jackson Holmes et al., Executors*, 30 B. T. A. 97. Cf. *Dort* v. *Helvering*, 69 Fed. (2d) 836; certiorari denied, 293 U. S. 569; rehearing on writ of certiorari denied, 293 U. S. 630; *Commissioner* v. *Chase National Bank*, 82 Fed. (2d) 157; *Stewart W. Bowers, Trustee*, 34 B. T. A. 597.

In the Virginia Law Review, January 1936, there is an article entitled "A Day in the Supreme Court with the Federal Estate Tax", written by Charles L. B. Lowndes of the Duke University School of Law. This article discusses at some length the Supreme Court's decisions in *White* v. *Poor; Helvering* v. *Helmholz; Helvering* v.

*City Bank Farmers Trust Co.*, and *Becker* v. *St. Louis Union Trust Co.* The author, in discussing the applicability of section 302 (d), (h) to trusts created prior to the first enactment of that section, among other things, says: "A trust which was revocable by the settlor in conjunction with a trustee who had no beneficial interest, for example, would clearly appear to be sufficient to sustain a retroactive tax", citing *Reinecke* v. *Smith*, 289 U. S. 172. The situation would of course be different if the trustees herein were also beneficiaries of the trust. In that sort of case *Helvering* v. *Helmholz*, *supra*, would apply, and, the trust having been created prior to the Revenue Act of 1924, none of the property transferred therein would be included as a part of decedent's gross estate.

In reaching our conclusion in the instant case we have not overlooked *Clarence H. Mackay et al., Executors*, 33 B. T. A. 765. In that case the decedent grantor, Marie Louise Mackay, in 1919 created several trusts the income from which was to be paid to her grandchildren, nieces, and nephews for life and upon their deaths to their children in being at the date of each of the trust instruments, the principal of each trust to be distributed to her son, Clarence H. Mackay, upon the death of each of the said children. Each of the trusts was revocable by the grantor with the joint consent of the trustees, one of whom was the said Clarence H. Mackay. The decedent died on September 4, 1928. In that case we held that the remainder interest in each trust was not a part of the decedent's gross estate under either subdivision (c) or (d) of section 302 of the Revenue Act of 1926. The said remainder interest was not includable under either (c) or (d) because, Clarence H. Mackay being one of the trustees and also a remainderman, the doctrine of *Reinecke* v. *Northern Trust Co.*, *supra*, applied as to (c), and to apply section 302 (d) retroactively as to the remainder interest would be unconstitutional. *Helvering* v. *Helmholz, supra.* We also held that the value of the life estates was, however, includable in the decedent's gross estate under subdivision (c), but not under subdivision (d). While it will make no difference in the ultimate result in the *Mackay* case, we now think that the value of the said life estates was includable in the decedent's gross estate under subdivision (d) as well as under subdivision (c), for the reasons previously given in this opinion. The effect of this modification of the *Mackay* case is simply to state a second ground for reaching the same result, namely, the inclusion in the gross estate of Marie Louise Mackay of the value of the life estates there involved.

Petitioners devote a considerable portion of their brief to the contention that the reserved power to amend in conjunction with the trustees was in substance negligible and should, therefore, be

disregarded. In this they rely in part upon the statement contained in *Porter* v. *Commissioner, supra*, wherein the Supreme Court said: "We need not consider whether every change, however slight or trivial, would be within the meaning of the clause [subdivision (d)]." But the reserved power to amend in the instant proceeding was not limited in any way. The grantor and the trustees could amend in any way that could be agreed upon between them. One of the amendments was the addition of clause fifteen (set out in our findings) to the trust instrument. We do not think it can be said that such a power is slight or trivial. Petitioners' contentions on this point are denied.

Petitioners also contend that the transfers in trust are not includable in the gross estate under section 302 (c) of the Revenue Act of 1926, as amended by section 803 (a) of the Revenue Act of 1932. Since the respondent has made no such contention and since we are of the opinion that the transfers are includable under section 302 (d) of the Revenue Act of 1926, we do not deem it necessary to decide whether they are also includable under subdivision (c) as amended.

The respondent's determination is approved.

Reviewed by the Board.

*Decision will be entered under Rule 50.*