## PIERCE et al. v. CLAUSON, Collector of Internal Revenue.

### No. ———.

District Court, D. Maine, S. D.

Nov. 17, 1937.

Cook, Hutchinson, Pierce & Connell, of Portland, Me., for plaintiffs.

John D. Clifford, Jr., U. S. Atty., of Portland, Me., James W. Morris, Asst. Atty. Gen., and Andrew D. Sharp and Juli-

an G. Gibbs, Sp. Assts. to Atty. Gen., for defendant.

PETERS, District Judge.

This is an action brought by the plaintiffs as executors of the will of Clarence H. Pierce against the collector of internal revenue for this district to recover the sum of $8,779.24, paid to the collector under protest in response to a demand for payment of an additional federal estate tax.

The parties having waived a jury, the matter was submitted to the court upon the pleadings and upon a written stipulation of facts, from which I find that the decedent, on March 10, 1926, conveyed certain securities to a bank in Houlton, Me., in trust to pay the net income to himself during his life, with the remainder over to certain of his children. The conveyance in trust was absolute and irrevocable and not of a testamentary character. Mr. Pierce died on September 19, 1933. The plaintiffs, as his executors, filed a federal estate tax return without including in the gross estate the value of the securities that Mr. Pierce had conveyed in trust. Later on the executors were informed by the Commissioner of Internal Revenue that, pursuant to the authority contained in section 302(c) of the Revenue Act of 1926, as amended by section 803(a) of the Revenue Act of 1932 (26 U.S.C.A. § 411(c) the value of the securities held in the trust created March 10, 1926, should be included in the gross estate; whereupon the Commissioner added the value of such securities to the gross estate previously returned, redetermined the estate tax liability, and demanded and received under protest the additional tax in question. The plaintiffs filed a claim for a refund which was rejected. This suit followed.

The Joint Resolution of March 3, 1931 (46 Stat. 1516), later incorporated in section 803(a) of the Revenue Act of 1932, provided that the value of the gross estate of the decedent should be determined by including the value at the time of his death of all property (except real property outside the United States) "to the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, * * * under which he has retained for his life * * * the possession or enjoyment of, or the right to the income from the property."

There was no such provision in the corresponding section of the Revenue Act of 1926, being section 302 of that act (44 Stat. 70, 71), and the Commissioner does not claim that, if Mr. Pierce had died before March 3, 1931, the value of the trust estate should have been included in the value of his gross estate, but does claim that, in the case of all persons dying after that date, the amendment applies and that the gross estate should include property conveyed by the decedent during his lifetime in trust under which he is to receive the income for life, even if the conveyance was made and an irrevocable trust created before the law was changed.

This position I consider untenable. The date of the transaction is the criterion. A transfer prior to March 3, 1931, was made in the light of the then existing law, affected and controlled by it: The grantor might live to see a change in the law but he could not change his irrevocable deed. The transfer was complete at the time of the trust and there remained no interest in the grantor. To attempt to apply the later amendment would apparently violate the Fifth Amendment. Helvering v. Helmholz, 296 U.S. 93, 56 S.Ct. 68, 80 L.Ed. 76.

However, further reasons or citations are hardly in order in view of the recent decision by the Circuit Court of Appeals of the case of Welch v. Hassett, 90 F.(2d) 833, which conclusively settles for this circuit the questions involved.

Judgment will be entered for the plaintiffs in the sum of $8,779.24, with interest at the rate of 6 per cent. from August 24, 1936.