*62 OPINION.
TURNER:
In his notice of deficiency the respondent stated that the addition to the gross estate of the decedent in respect of the two contracts described in our findings of fact was made under the provisions of section 302 (c) of the Revenue Act of 1926,[1] as amended by *63 section 803 of the Revenue Act of 1932. The case was submitted and originally briefed by both parties solely on the question of applicability of section 302 (c). Subsequently, however, counsel for the parties were requested to consider the question as to whether or not the value of the two contracts at the decedent’s death was includable in the gross estate under section 302 (d) of the Revenue Act of 1926[2] by reason of certain of the provisions of the contracts designated as “Privileges and Conditions”, which provided for the surrender of the contracts for amounts equal to the principal sum stated and for loans thereon not exceeding such principal sums.
In the supplemental brief filed for the petitioners, it was contended that the contracts here are controlled by decisions in insurance cases wherein it has been held that in the absence of the reservation of a right to change the beneficiary, the insured, or owner, may not surrender the insurance contract for cash or obtain loans thereon without the consent of the beneficiary, or beneficiaries, even though the contract contains provision for loans and the surrender of the policy for cash, citing Edith Huggard Sharp et al., Executors, 30 B. T. A. 532; 33 B. T. A. 290; affirmed on this point, 91 Fed. (2d) 804; Levy’s Estate v. Commissioner, 65 Fed. (2d) 412; Helvering v. Parker, 84 Fed. (2d) 838; and Pennsylvania Co., etc. v. Commissioner, 19 Fed. (2d) 295. The respondent in his supplemental brief still contended for the application of section 302 (c), supra, and made no claim that section 302 (d), supra, was applicable.
The contracts herein, with the exception that they contain no reservation of the right to change the beneficiaries, are the same in all essential respects as the contract considered by us in Old Colony Trust Co. et al., Executors, 37 B. T. A. 435, and we there held that the contract under consideration was not a life insurance contract but an annuity contract. See also Chemical Bank & Trust Co. et al., Executors, 37 B. T. A. 535. It does not follow therefore that the decisions relied upon by the petitioners in respect of insurance policies are applicable to the contracts before us and that annuity contracts which contain loan and cash surrender privileges are not revocable within the meaning of section 302 (d), supra, even though the right to change the beneficiary is not reserved. Since these contracts may not be classified as insurance contracts, the answer to the question of revocability is to be found in the terms of the contracts themselves in the same manner as the revocability of grants to trusts or other *64 transfers are determined in applying the provision of the statute under consideration.
While the contracts do make provision for their surrender for an amount equal to the principal sum and for loans to the annuitants in similar amounts, they also provide that the surrender for cash may be made “providing there is no legal restriction to the contrary” and that the loans may be made to the annuitants “upon proper assignment” of the contracts. The contracts contain no provision, or provisions, which specifically reserve to the decedent, alone or in conjunction with any specified individual or individuals, the right to revoke, alter, or amend the terms of the contracts. As we read the clauses mentioned, they were intended to bind Sun Life to pay the principal sum or to make the loans thereon, provided all of the parties having interests under the policies should agree to such surrender or to loans to the annuitants, rather than that they were intended as a reservation in the grantor of the right, alone or in conjunction with some person, to surrender the contracts for the principal sums designated or to procure loans to the extent of the cash surrender value. A right to revoke which requires consent of all the beneficiaries is not such a right of revocation as will bring the contracts within the terms of section 302 (d), supra. Helvering v. Helmholz, 296 U. S. 93. In view of the above, we do not consider it necessary to consider the fact that the rights of minors or unborn children might be involved.
As to the applicability of section 302 (c), supra, there is no showing or claim that the payment of the “premiums” was made in contemplation of death and it is well settled that a transfer, by trust or otherwise, made prior to March 3, 1931, whereby the grantor has retained for life or any period only the right to income from the property transferred, is not a transfer intended to take effect in possession or enjoyment at or after death. May v. Heiner, 281 U. S. 238; McCormick v. Burnet, 283 U. S. 784; Morsman v. Burnet, 283 U. S. 783; and Hassett v. Welch, 303 U. S. 303.

Decision will be entered for the petitioners.

 Sue. 302. The value of the gross estate of the decedent shall be determined by Including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—
*******
(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; except in case of a bona fide sale for an adequate and full consideration in money or money’s worth. * * *

 (d) To the extent of any interest therein of 'which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke, or where the decedent relinquished any such power in contemplation of his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth. * * *