## 508

VIRGINIA L. HOUGHTELING, HELEN L. RICHARDSON ABDILL AND THE SECOND NATIONAL BANK OF DANVILLE, ILLINOIS, EXECUTORS OF THE ESTATE OF HELEN A. CANNON, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 89698. Promulgated August 30, 1939.

*Horace E. Gunn, Esq.*, and *Leo W. Burk, Esq.*, for the petitioners.
*Franklin F. Korell, Esq.*, for the respondent.

### OPINION.

TURNER: This proceeding involves a deficiency in estate tax in the amount of $11,412.35. The question presented is whether the amount of $90,000 representing the value of certain shares of stock transferred by the decedent to a trust prior to her death should be included in her gross estate under section 302 (d) of the Revenue Act of 1926 as amended. In his deficiency notice, respondent stated that his determination was in accordance with section 302 (c) and/or section 302 (d). At the hearing section 302 (c) was again mentioned as a basis for the claimed deficiency, but in neither his opening statement nor in his brief has counsel for respondent advanced any argument to indicate the applicability of that section. Furthermore, we find nothing in the facts of record to indicate that it is applicable. Accordingly our discussion here will be limited to the applicability of section 302 (d).

The case was submitted on a stipulation of facts and on documentary evidence placed in record by stipulation of the parties. The said stipulation and documents referred to will constitute our

findings of fact, and only such facts as are indicated in the discussion of the issue will be recited.

The decedent, Helen A. Cannon, died testate on February 23, 1935. Her will was duly probated in the Probate Court of Vermilion County, Illinois, and the petitioners are the duly appointed and qualified executors. She had never married and her heirs at law were her nieces, Virginia Houghteling and Helen Richardson Abdill, daughters of her sister, Mabel C. LeSeure.

On March 28, 1930, the decedent and Mabel LeSeure entered into a trust agreement under the terms of which they transferred to the Second National Bank of Danville, Illinois, as trustee, 2,660 shares of the capital stock of that bank, 900 shares of which were contributed by the decedent and 1,760 of which were contributed by her sister. These shares of stock represented the controlling interest in the Second National Bank and had been held by the Cannon family for many years. The trust indenture provided that during the joint lives of the sisters the income from the trust was to be payable to them in such proportions and amounts as they might designate and that after the death of either sister the income was to be paid to the survivor for life. The indenture further provided as follows:

*Third:* After the death of both of the Settlors, all of said shares of stock shall be assigned, transferred, conveyed and delivered to the Trustees named and designated in the Last Will and Testament of Mabel C. LeSeure, subject to be managed, controlled, distributed and disposed of according to the exact manner and method and to the same beneficiaries under the same method and manner of distribution, accumulation and management as if or may be provided in the Last Will and Testament of Mabel C. LeSeure.

*Fourth:* The undersigned hereby declare that during the lifetime of the said Settlors, said shares of stock in said Second National Bank of Danville, Illinois, are held subject to a special power of appointment, vested in the said Settlors or the survivor of them, under and by which the said Settlors have the exclusive right of voting said stock in any stockholders' meeting of the Second National Bank of Danville, Illinois, and executing proxies for such voting privileges. Said stock is also subject to the power of appointment, vested in the Settlors, of receiving and designating all stock rights accruing to said shares of stock and the right and power of the Settlors, or the survivor of them, to require said shares of stock in said Second National Bank of Danville, Illinois, to be sold and converted into money and the said fund derived from the sale of such shares of stock, subject to the same trust provisions hereof that may exist at the time of such sale and transfer of stock.

*Fifth:* During the joint lives of the Settlors, this Indenture and each and every trust thereby created may be revoked, either in whole or in part, by notice in writing to the Trustee, signed by the Settlors, or the survivor thereof, and by Virginia Houghteling and Helen Richardson, daughters of the Settlor, Mabel C. LeSeure, or in case of the death of either Helen Richardson or Virginia Houghteling, by the survivor thereof, and in case of the death of both the said Virginia Houghteling and Helen Richardson, then this Indenture and each and every trust hereby created may be revoked, either in whole or in part, by notice in writing, signed by the Settlors alone or by the survivor thereof.

*Sixth:* The Settlors herein believe that a considerable portion of the value of the stock herein mentioned consists in the fact that it constitutes a majority of the stock of said Bank and the Trustee is hereby directed that no sale thereof shall be made unless such sale includes the entire amount herein mentioned, provided, however, that any of the beneficiaries mentioned herein, with or out of other funds under their control, may become purchasers of portions of said stock.

*Seventh:* In case of any revocation of this Trust, then the trust estate, or the portion thereof to which this Indenture may be revoked, shall be conveyed by the said Trustee to the Settlors as they may designate in writing, free from all trusts herein contained.

On March 29, 1930, the day following the date of execution of the trust agreement, Mabel C. LeSeure died, leaving a last will and testament which was duly probated in the Probate Court of Vermilion County, Illinois. She was survived by the decedent, Helen A. Cannon, her two daughters, Helen Richardson Abdill and Virginia Houghteling, and two grandchildren, who were the children of Virginia Houghteling. Her will had been executed on June 25, 1928, and the terms thereof were known to Helen A. Cannon at the time of the execution of the trust instrument on March 28, 1930.

By the terms of her last will Mabel C. LeSeure had provided that the income from all of her stock in the Second National Bank of Danville, Illinois, should go to Helen A. Cannon during her lifetime, and that the stock itself should go to the Second National Bank of Danville, Illinois, Helen Richardson, and Virginia Houghteling, as cotrustees "to be disposed of and distributed, and the income paid, as provided" elsewhere in the will. The above shares are the same shares which had been transferred by Mabel C. LeSeure the day prior to her death under the trust agreement previously described.

All of the rest, residue, and remainder of her estate Mabel C. LeSeure also devised and bequeathed in trust to the same trustees named with respect to the bank stock. The will of Mabel C. LeSeure thereafter provided as follows:

SIXTH: The income from all properties held by my said trustees, after the deduction of expenses, shall be paid in equal quarterly installments to my daughters, Helen Richardson and Virginia Houghteling, and my said Trustees, during the life of this trust shall have no power to accept or recognize any assignment made by my said daughters of any of the benefits accruing to them under this trust, subject to the bequest to my sister, Helen Cannon.

SEVENTH: In case of the death of either or both of my said daughters, leaving heirs of their body surviving them, then the said income shall be paid to such heir or heirs of the body of my said daughter or daughters deceased, or in case such heirs are not of legal age, then the same sum shall be paid to the legal guardian of such heirs or heir until such heir or heirs become of legal age. Upon the death of either of my said daughters, if she shall leave heirs of her body surviving her, this trust shall continue for the benefit of such heirs of her body during the life of such heir and at their death be paid to their respective heirs at law. This provision in my Will is subject to the power

of diminution or extension on the part of the trust as provided in Clause 9 hereafter.

EIGHTH: Should either of my said daughters die without heir or heirs of her body surviving her, I expressly will and devise that the share that would otherwise have vested in such deceased daughter, to my surviving daughter, and the heirs of her body, under the same terms and conditions as first herein specified, provided however, that the power of distribution to such heirs of the body, subject to the exercise of the powers herein expressly granted to each of my said daughters to further continue the period of distribution of the principal fund as provided in Clause 9 of this Will.

NINTH: I further devise and will to each of my said daughters, Virginia Houghteling and Helen Richardson, in the event only that they die leaving them surviving heirs of their body, the right and power by Will to provide for the continuation of the trust herein provided for the benefit of the heirs of her body, for a further period of time not in violation of the rule against perpetuities in the State of Illinois, or of providing that upon the death of such surviving daughter, the whole or any part of the trust fund may be paid by said Trustees to any or all of the heirs of the body of such surviving daughter and the trust, with respect to such heirs of the body, ended and terminated.

TENTH: In the event that either of my daughters should die without heirs of her body surviving her, whereby the use and benefit of the whole estate should come into said trustees for the benefit of my surviving daughter, and such surviving daughter should die without heirs of her body surviving her, then in such event, only, my said daughter so surviving shall have the right and power to dispose of, by will, the cash securities and property remaining in this trust at the time of her death in the same manner as though such cash security and property were vested and possessed by her at such time.

\*     \*     \*     \*     \*     \*     \*

With respect to the stock of the Second National Bank transferred by the decedent, Helen A. Cannon, to trust on March 28, 1930, she provided in her will as follows:

THIRD: I make no devise of the stock of the Second National Bank of Danville, Illinois, heretofore owned by me, for the reason that said stock was transferred and assigned and conveyed to the Second National Bank of Danville, Illinois, as Trustee, under a certain Trust Agreement dated March 28, 1930 between Mabel C. LeSeure and myself, wherein provision is made for the disposition of my interest in the proceeds of said stock, which Trust Agreement I hereby confirm.

On the estate tax return the petitioners included no amount in the gross estate with respect to the 900 shares of stock of the Second National Bank which had been transferred to trust on March 28, 1930, as previously described. The respondent has determined that such omission was erroneous and has increased the gross estate by the sum of $90,000 as representing the value of the said stock at the date of the decedent's death. The parties have stipulated that the value used by the respondent in his determination was the correct value of the stock on that date.

The question for determination is whether or not the decedent at the time of her death alone or in conjunction with "any person"

had the right within the meaning of section 302 (d), *supra*,[1] to alter, amend, or revoke the trust to which the bank stock had been transferred on March 28, 1930. Paragraph fifth of the trust instrument provided as follows:

FIFTH: During the joint lives of the Settlors, this Indenture and each and every trust thereby created may be revoked, either in whole or in part, by notice in writing to the Trustee, signed by the Settlors, or the survivor thereof, and by Virginia Houghteling and Helen Richardson, daughters of the Settlor, Mabel C. LeSeure, or in case of the death of either Helen Richardson or Virginia Houghteling, by the survivor thereof, and in case of the death of both the said Virginia Houghteling and Helen Richardson, then this Indenture and each and every trust hereby created may be revoked, either in whole or in part, by notice in writing, signed by the Settlors alone or by the survivor thereof.

It is the contention of the respondent that subsequent to the death of Mabel C. LeSeure the trust was revocable by the decedent, Helen A. Cannon, alone at any time up to the date of her death. The petitioners claim that there was no right of revocation in anyone except during the joint lives of the settlors, Mabel C. LeSeure and Helen A. Cannon, and that upon the death of Mabel C. LeSeure on March 29, 1930, the trust became irrevocable. In the alternative, it is claimed by the petitioners that, even if paragraph fifth quoted above should be construed as reserving the right of revocation in Helen A. Cannon in conjunction with Virginia Houghteling and Helen Richardson Abdill, the two parties last mentioned were all of the then beneficiaries of the trust and that the trust instrument gave them no rights in addition to the rights they already had under the law, and applying the decision of the Supreme Court in *Helvering* v. *Helmholz*, 296 U. S. 93, section 302 (d), *supra*, does not apply.

With respect to paragraph fifth of the trust instrument, the petitioners claim that the phrase "During the joint lives of the Settlors" appearing in the first line and the phrase "or the survivor thereof" appearing in the fourth line are repugnant, and they cite numerous decisions to support the proposition that under such circumstances the second phrase must give way to the first. The rule sought to be applied is merely an aid to interpretation, the primary object being to determine, if possible, the intent of the parties to any given instrument. In the instant case there is no necessity to go outside the instrument itself in order to determine the intent of the parties. By reading paragraph fifth as a whole, it is, in our

---

[1] SEC. 401. REVOCABLE TRUSTS.

Section 302 (d) of the Revenue Act of 1926 is amended to read as follows:

"(d)(1) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke * * *."

opinion, obvious that the parties to the instrument had no thought or idea that the phrase "During the joint lives of the Settlors" should be construed as the petitioners here seek to construe it. Clearly, the parties did intend that the survivor of Mabel C. LeSeure and Helen A. Cannon should have the right to revoke the trust either in whole or in part under certain circumstances and subject to certain conditions therein prescribed. As we read the paragraph, the trust could be revoked by a notice in writing as follows: (1) By the settlors acting in conjunction with Virginia Houghteling and Helen Richardson Abdill; (2) by the survivor of the settlors acting in conjunction with Virginia and Helen; (3) by the settlors acting in conjunction with the survivor of Virginia and Helen; (4) by the survivor of the settlors acting in conjunction with the survivor of Virginia and Helen; or (5) by the settlors alone or the survivor thereof in case both Virginia and Helen should be deceased. Under paragraph fifth of the trust instrument, Helen A. Cannon, at the time of her death, had the power, acting in conjunction with Virginia Houghteling and Helen Richardson Abdill, to revoke the trust, and the claim of the petitioners that the trust was irrevocable from and after the death of Mabel C. LeSeure must be rejected.

In support of the petitioners' alternative contention that the doctrine of *Helvering* v. *Helmholz, supra,* is controlling and that the said shares of stock do not therefore constitute a part of the gross estate of Helen A. Cannon, it is argued that the term "all of the then beneficiaries" as used in that case had reference only to beneficiaries with vested interests and did not include beneficiaries with contingent interests. Reasoning from that point, it is claimed that Virginia Houghteling and Helen Richardson Abdill were all of the beneficiaries with vested interests exclusive of Helen A. Cannon and that a right in these three parties to revoke the trust instrument was not, under *Helvering* v. *Helmholz,* a power to revoke within the meaning of section 302 (d), *supra.*

We think it clear that *Helvering* v. *Helmholz, supra,* is not authority for the proposition stated. The Supreme Court there made no distinction between the holders of vested interests and holders of contingent interests. The Court stated that the general rule is that *all* parties in interest may terminate the trust, and in a footnote there is a statement to the effect that no authority has been cited to the contrary in Wisconsin, the place of the transaction. Then with respect to the provisions of the trust instrument there under consideration the Court said "The clause in question added nothing to the rights which the law conferred", and then concluded as follows: "Congress can not tax as a transfer intended to take effect in possession or enjoyment at the death of the settlor a trust

created in a state whose law permits all the beneficiaries to terminate the trust."

In the instant case the pleadings show that at the time of the making of the trust and at all times thereafter Virginia Houghteling had two children. These two children were contingent beneficiaries under the will of Mabel C. LeSeure and under paragraph third of the trust instrument executed March 28, 1930, the said will also served to make them contingent beneficiaries of the trust.

By the terms of the trust instrument Helen A. Cannon, after the death of Mabel C. LeSeure, had the power in conjunction with Virginia Houghteling and Helen Richardson Abdill to revoke the trust without regard to the rights, contingent or vested, of the children of Virginia Houghteling. If they had the same rights to revoke under the laws of Illinois and could thereby cut off the rights of the children, the ruling in *Helvering* v. *Helmholz, supra,* described above would be applicable, but such is not the law of Illinois. *Anderson* v. *Williams,* 262 Ill. 308; 104 N. E. 659. In discussing a similar situation, the court there said:

Mary W. Anderson has four minor children, who, if they survive her, will take an interest in the trust fund, and the trust was created, in part, for their benefit. It could not therefore be terminated by the consent and agreement of Mary W. Anderson, the other adult heirs of the testator and the trustees. Where all the parties interested in the trust fund are sui juris, they may consent to a termination of the trust and distribution of the funds (2 Perry on Trusts §920), but this rule has never been applied where there are contingent interests in the trust which cannot be determined until the happening of certain events, or where the interests of minors are involved (*Brandenberg* v. *Thorndike,* 139 Mass. 102, 28 Northeastern 575; 39 Cyc. 97). * * * Cases on this subject are not numerous, but the termination of trusts upon the application and agreement of the interested parties appears to be limited to cases where the design and object of the trust have been practically accomplished and all the interests created by it have become vested.

To the same effect, see *Hubbard* v. *Buddemeier,* 328 Ill. 76; 159 N. E. 229, and *Botzum* v. *Havana National Bank,* 367 Ill. 539; 12 N. E. 203.

From the above it is definite and clear that by the terms of the trust instrument the decedent at the time of her death, in conjunction with her nieces, Virginia Houghteling and Helen Richardson Abdill, had a power to revoke the trust which she did not have under the law of Illinois and the rule laid down by the Supreme Court in *Helvering* v. *Helmholz, supra,* is not applicable, but, to the contrary, the power so reserved by the trust instrument was a power within the meaning of section 302 (d), *supra,* and the action of the respondent in including as a part of the decedent's gross estate the 900 shares of stock in the Second National Bank of Danville, Illinois, is sustained. *Helvering* v. *City Bank Farmers Trust Co.,* 296 U. S. 85.

*Decision will be entered under Rule 50.*