ALMA S. HAY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 107481.   Promulgated June 30, 1942.

*Herman T. Van Mell, Esq.*, for the petitioner.
*David Altman, Esq.*, and *George E. Gibson, Esq.*, for the respondent.

248

250

[redacted]

OPINION.

OPPER: There are several grounds upon which respondent's determination that these gifts were of future interests might be upheld. Paragraph sixth of the trust instrument dealing with the devolution of the shares of the primary beneficiaries upon their death makes it impossible to determine presently who will be the ultimate takers. See *United States* v. *Pelzer*, 312 U. S. 399. The trustees' power to accumulate income and hold the corpus for an indeterminate period renders impractical any appraisal of the present value of the interests acquired by the individual grantees. See *Winston Paul*, 46 B. T. A. 920; *Commissioner* v. *Brandegee* (C. C. A., 1st Cir.), 123 Fed. (2d) 58. But what we think a sufficiently final consideration is that even the existence of a present right to dispose of what is concededly a future interest, the only ground upon which petitioner seeks to distinguish the cases apparently fatal to her contention,[1] can not in our view transform a future estate into a present one for purposes of section 504 (b) of the Revenue Act of 1932.

In the absence of an express permission such as is the effect here, in petitioner's view, of paragraph seventh of the trust instrument,[2] we

---

[1] E.g., *Annie B. Smith*, 45 B. T. A. 948; *Mary R. Nelson*, 46 B. T. A. 653; *F. J. Sensenbrenner*. 46 B. T. A. 713; *Lillian Seeligson Winterbotham*. 46 B. T. A. 972.

[2] "Any of the beneficiaries named in Paragraph Fifth hereof may at any time prior to his or her death and during the term or period of the trust, by appropriate instrument in writing directed to the Trustees, order and direct distribution of his or her share of the trust estate to persons other than as provided in Paragraph Sixth hereof; Provided, however, that nothing herein contained shall be considered or construed as a right or power to terminate or direct a termination of the trust or his or her interest therein; * * *"

know of no rule preventing the assignment of a future estate if the grant is silent on the subject. We can not assume that the affirmative insertion of an authorization which in any event the law would imply can raise the situation to a higher dignity. See *Helvering* v. *Helmholz*, 296 U. S. 93. Hence we are presented with the simple question whether a deed of gift conveying a future estate, such as a remainder, deals with a present interest merely because there is no prohibition of anticipatory alienation.

It seems evident that, since "future interests" unquestionably include even vested remainders,[3] a form of property which is readily transferable, the mere power to realize some present benefit by an immediate disposition of a beneficiary's interest will not suffice to convert an enjoyment which the donor has cast into the form of a postponed expectancy into a true present interest. The mere power of present disposition can not be the test, or at least such estates as vested remainders would be present interests. "The sole statutory distinction between present and future interests lies in the question of whether there is postponement of enjoyment of specific rights, powers or privileges which would be forthwith existent if the interest were present." *Commissioner* v. *Glos* (C. C. A., 7th Cir.), 123 Fed. (2d) 548.

We may assume that the donee could sell his gift or give it to another. The recipient might then be in the donee's shoes. But he would be no more than the present owner of a future right. The interest given would still remain an expectancy with the use, possession, or enjoyment delayed. The gift is what the donor gave. That continues to be a future interest if that was the character fastened upon it by the donor. The exclusions from the gift must have their source in that character. What the donor gave these beneficiaries was consequently nothing but a group of future interests from which the statutory exclusions are accordingly expressly withheld. That being our view, we find it unnecessary to attempt the difficult feat of construction involved in ascertaining the meaning of paragraph seventh in the light of the conflicting provisions of paragraphs sixth and eighth (b8).

*Decision will be entered for respondent.*

---

[3] "As the court said in *Welch* v. *Paine*, 120 F. (2d) 141: ' * * * it cannot be doubted that a vested and indefeasible legal remainder after a life estate is a "future interest." ' " [*Commissioner* v. *Glos* (C. C. A., 7th Cir.), 123 Fed. (2d) 548.]