ESTATE OF ARTHUR CURTISS JAMES, DECEASED, UNITED STATES TRUST COMPANY OF NEW YORK, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9680.    Promulgated March 6, 1953.

*Harold F. Noneman, Esq.,* for the petitioner.
*Conway N. Kitchen, Esq.,* for the respondent.
*Reese D. Alsop, Esq.,* for the intervenor.

OPINION.

RAUM, *Judge:* The decedent established a trust for his wife's sister in 1915. His wife executed the trust instrument as a co-settlor. The trust was subject to revocation by the settlors during their joint lives and thereafter by the survivor of them. The decedent survived his wife by about 3 weeks, and at the date of his death, the trust was subject to his uncontrolled power of revocation. Respondent's principal contention is that the value of the trust must be included in the decedent's gross estate by reason of section 811 (d) (2) of the Internal Revenue Code.[2]

---

[2] SEC. 811. GROSS ESTATE.

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

    \*        \*        \*        \*        \*        \*        \*

    (d) REVOCABLE TRANSFERS.—

        \*        \*        \*        \*        \*        \*        \*

        (2) TRANSFERS ON OR PRIOR TO JUNE 22, 1936.—To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke, or where the decedent relinquished any such power in contemplation of his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth. Except in the case of transfers made after June 22, 1936, no interest of the decedent of which he has made a transfer shall be included in the gross estate under paragraph (1), unless it is includible under this paragraph ;

Petitioner challenges the application of section 811 (d) (2) on the ground, among others, that the property was transferred in trust not by the decedent alone but by the decedent acting together with his wife. There is some evidence in the record upon the basis of which it could be urged that both the decedent and his wife were the source of the property comprising the 1915 trust. However, the preponderance of the evidence is the other way; we are satisfied on the record as a whole that the decedent alone contributed the corpus of the trust, and that his wife was merely a nominal settlor. Indeed, the estate tax return filed by executors of decedent's will referred to the 1915 trust and the predecessor 1911 trust, and stated that the decedent's wife "joined in the execution of both of the indentures above referred to but all of the property transferred thereunder was owned exclusively by the decedent." [3]

Accordingly, the provisions of section 811 (d) (2) are explicitly applicable to this case; for, we have here a transfer where the enjoyment of the property "was subject at the date of * * * [the decedent's] death to * * * change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend or revoke * * * ." Petitioner seeks to avoid the impact of these provisions by reliance upon Treasury Regulations 105, section 81.20 (b). [4]

Assuming that the regulations can, by a tour de force, remove this case from the operation of the statute, we think they have not attempted to do so here. These regulations were obviously concerned with transfers made before the enactment of the Revenue Act of 1924 (the first revenue act in which the basic relevant statutory provisions appeared), where the retained power was conditioned upon the assent of a person having a substantial adverse interest in the transferred property and where such condition persisted until the decedent's death. In such circumstances there was ground for belief that the transfer

---

[3] Moreover, even if the wife had contributed some of the property, that circumstance would not render section 811 (d) (2) inapplicable as to the entire corpus. For, to the extent that the decedent did furnish the property, the argument advanced in this connection by petitioner has no validity.

[4] REGULATIONS 105:

Sec. 81.20. (b) *Taxability.*—The property or any interest therein transferred as described in subsection (a) shall be included in the gross estate if it comes within any one of the following paragraphs:

(1) If the transfer was made prior to the enactment of the Revenue Act of 1924 (4:01 p. m., eastern standard time, June 2, 1924), and the power was reserved at the time of the transfer and was exercisable by the decedent alone or in conjunction with a person or persons having no substantial adverse interest or interests in the transferred property, * * *.

* * * * * * *

As used in this and in the next succeeding section, the expression "reserved at the time of the transfer" refers to a power to which the transfer was subject when made, whether the power arose by implication of law or by the express terms of the instrument of transfer, and which continued to the date of decedent's death * * * to be exercisable by decedent alone or by him in conjunction with some other person or persons, * * *

might be regarded as having been indefeasibly made prior to the enactment of the first applicable statutory provisions, and that a tax thereafter imposed might fall by reason of retroactivity. Cf. *Helvering* v. *Helmholz*, 296 U. S. 93, 97–98.

In the present case, however, even if the decedent's wife be treated as having a substantial adverse interest [5] while both were alive, the decedent reserved a power of revocation to himself alone in the event that he survived his wife. And at the time of his death it was his unfettered power of revocation that was outstanding. Although not explicity directed to this problem, section 81.20 (b) of Regulations 105 also provides that as used in that section "the expression 'reserved at the time of the transfer' refers to a power * * * which continued to the date of the decedent's death." We think the regulations attempted to exclude, at most, from the operation of the statute only those transfers made prior to the 1924 Act where the substantial adverse interest persisted to the date of the decedent's death. There would have been no point whatever to render the statute inoperative where, at the date of the decedent's death, the property was subject to the decedent's uncontrolled power of revocation which came into being by reason of a reservation made by the decedent when the trust was first created.

The opinion in *Commissioner* v. *Hofheimer's Estate*, 149 F. 2d 733 (C. A. 2), points the way to the result that should be reached here. There the decedent and his brother contributed equally in 1922 to the corpus of a trust (the "first trust"). They reserved the right to terminate the trust " 'by instrument in writing executed * * * by them, if both be living, or if only one be living, then by the survivor'." The brother died in 1927 and the decedent died on November 30, 1936. The court held that the value of the corpus contributed by the decedent was includible in his gross estate under section 302 (d) of the Revenue Act of 1926, which is comparable to section 811 (d) of the Internal Revenue Code, involved herein.[6] The court did not consider whether or not the interest of the brother was adverse to the decedent; rather, it relied upon the fact that the power was exercisable by the decedent alone after the death of his brother (149 F. 2d at p. 737) :

Section 302 (d) cannot be applied retroactively where the transfer is complete in that the settlor reserved no power in himself alone to alter, amend or revoke when the trust was created. Helvering v. Helmholtz [*sic*], 296 U. S. 93, 56 S. Ct. 68, 80 L. Ed. 76; Commissioner of Internal Revenue v. Flanders, 2 Cir., 111 F. 2d 117. Yet the section may be applied to an earlier transfer when the power is exercisable by the decedent alone. Porter v. Commissioner, supra; Chase Nat.

---

[5] Cf. *Commissioner* v. *Prouty*, 115 F. 2d 331, 336 (C. A. 1) ; *Estate of Leon N. Gillette*, 7 T. C. 219.

[6] The applicable regulations as of the time of the decedent's death in that case were Regulations 80 (1937 Edition), and Article 20 (b) (1) thereof was no less restrictive in relation to the issue here involved than section 81.20 (b) (1) of Regulations 105, applicable to the transfer herein.

Bank of City of New York v. United States, 278 U. S. 327, 49 S. Ct. 126, 73 L. Ed. 405, 63 A. L. R. 388; Reinecke v. Northern Trust Co., 278 U. S. 339, 49 S. Ct. 123, 73 L. Ed. 410, 66 A. L. R. 397. Here there was a long period after the death of Arthur when the decedent could have alone exercised the power That is the power which his death cut off and as to that the statute is not retroactive. Adriance v. Higgins, 2 Cir., 113 F. 2d 1013.

To be sure, there was a period of years between the deaths of the two brothers in the *Hofheimer's Estate* case, whereas only about 3 weeks elapsed between the death of Mrs. James and that of the decedent herein. But we cannot understand why that circumstance should require a different result. The pivotal consideration is that at the time of the decedent's death his power was uncontrolled and it was his death that cut off the power.

Petitioner also challenges the tax on constitutional grounds by reason of alleged retroactivity. However, in view of the decedent's power of revocation which existed at the date of his death, we think that the contention is wholly without merit.

Since we have concluded that the trust in question is covered by section 811 (d) (2) of the Code, it becomes unnecessary to consider respondent's alternative contention that section 811 (a) is also applicable.

The parties have stipulated petitioner's estate tax liability upon alternative assumptions as to whether the value of the corpus of the 1915 trust is to be included in the gross estate. Accordingly, a Rule 50 computation is unnecessary and

*Decision will be entered in accordance with the stipulation.*