LARSON

v.

COMMISSIONER OF INTERNAL
REVENUE.

No. 160, Docket 22903.

United States Court of Appeals,
Second Circuit.

Argued April 13, 1954.
Decided May 26, 1954.

Holt S. McKinney, New York City
(Hunt, Hill & Betts and Reese D. Alsop,
New York City, on the brief), for inter-
venor-petitioner.

L. W. Post, Sp. Asst. to Atty. Gen.,
Washingon, D. C. (H. Brian Holland,
Asst. Atty. Gen., and Ellis N. Slack and
Lee A. Jackson, Sp. Assts. to Atty. Gen.,
Washington, D. C., on the brief), for re-
spondent.

Before CLARK, HINCKS, and HAR-
LAN, Circuit Judges.

CLARK, Circuit Judge.

The question presented on this petition
for review of a decision of the Tax
Court is whether the value of property
conveyed in trust prior to the 1924 tax-
ing act, subject to a power of revocation
to the donor and his wife and the sur-
vivor of them, is properly to be included
in the donor's taxable estate when his
death occurred after that of his wife
and at a time when his power of revo-
cation was absolute. Judge Raum of the
Tax Court held in a reasoned opinion,
19 T.C. 1013, that it was; and the peti-
tion for review has been brought by the
executor of the beneficiary who had been
allowed to intervene in the proceedings
below.

In 1915 the decedent, Arthur Curtiss
James, and his wife, Harriet Parsons
James, created a trust for the benefit
of petitioner's testate, Maud P. Larson,
sister to Mrs. James. The trust was sub-
ject to revocation by joint act of the
settlors while both lived, and thereafter
by the individual act of the survivor.
Mrs. James died on May 15, Mr. James
on June 4, 1941. Thus at the time of his
death the trust was subject to decedent's
uncontrolled power of revocation. The
Commissioner determined that the value
of the trust must be included in dece-
dent's gross estate under I.R.C. § 811(d)
(2), 26 U.S.C.;[1]  and the Tax Court

1.  "§ 811. Gross estate
  "The value of the gross estate of the
decedent shall be determined by includ-
ing the value at the time of his death of
all property, real or personal, tangible
or intangible, wherever situated, except

has sustained this determination. We agree.

■ The trust instrument gave decedent a power to revoke the trust subject to his wife's concurrence during her lifetime. Upon her death the power became absolute. Assuming that his wife had an adverse interest during her life and that Reinecke v. Northern Trust Co., 278 U.S. 339, 49 S.Ct. 123, 73 L.Ed. 410, then applied to indicate that had he then died the property would not have been taxable to his estate, nevertheless the original check upon his discretion did not endure. So by the time of his death the situation was no different from that in C. I. R. v. Hofheimer's Estate, 2 Cir., 149 F.2d 733, where we held the trust principal taxable. Petitioner urges that under Treas.Reg. 105, § 81.20(b) (1), taxability must depend on reservation of an absolute power at the time of the original transfer. But in our view the cited language requires no more than that the power stem from the creating instrument. To the argument that taxation here would be unconstitutional for retroactivity it is sufficient answer that decedent had time in which to renounce his power and complete his original gift. In short we are clear that regardless of prior conditions the existence of an untrammeled power of revocation at the time of decedent's death brings the trust within the ambit of I.R.C. § 811(d) (2).

■ Alternatively, petitioner asserts that part of the trust principal was contributed by decedent's wife and therefore cannot be included in his estate. But the evidence supporting the Tax Court's contrary finding is more than ample. Mrs. James was merely a nominal settlor who contributed no part of the trust assets.

Since the decision below is in all respects correct, it is

Affirmed.

---

real property situated outside of the United States—

\* \* \* \* \* \*

"(d) Revocable transfers

\* \* \* \* \* \*

"(2) Transfers on or prior to June 22, 1936. To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke, or where the decedent relinquished any such power in contemplation of his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth. \* \* \*"