EARL C. LATOURETTE, JR., TRUSTEE *v.*
STATE TAX COMMISSION

Jacques B. Nichols, Portland, represented plaintiff.

Gerald F. Bartz, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered November 8, 1967.

EDWARD H. HOWELL, Judge.

The issue in this case is whether certain trust income is taxable to the trust entity as ordered by the tax commission or to the grantors-beneficiaries.

Earl C. Latourette died testate in 1956. His will provided a bequest to his wife, Eleanor, of $250 per month for life or until her remarriage. The payment of this bequest was made a charge on the rental and income from a service station.

Pursuant to a property settlement and divorce decree dated July 2, 1948, the deceased's estate was obligated to pay $10,000, plus $410 per month to the decedent's former wife, Ruth, for her lifetime. The property settlement agreement and the divorce decree provided that the monthly payments were first claim against all the assets of the estate and the settlement was binding on the heirs, legatees, devisees and beneficiaries of the decedent.

All the remainder of the estate was left to the decedent's three children in equal shares. In order to close the estate as soon as practicable the three children entered into a trust agreement whereby they transferred all their interest in the estate to decedent's son, Earl C. Latourette, Jr., as trustee. As trustee he was to pay the obligations of the estate, including those to the widow, Eleanor, and the decedent's former wife, Ruth. The trust agreement also provided that upon annual accountings the trustee

would pay the beneficiaries their proportionate share of the net income. The net income was defined in the trust agreement to mean "net operating income less payments to Eleanor Latourette and Ruth S. Latourette." The trust was to continue until all claims had been paid, including the claims of Eleanor and Ruth. Upon termination of the trust all remaining assets were to be distributed to the three children beneficiaries in equal shares. The consideration for the trust was the consent of Ruth and Eleanor to close the estate before their claims were settled and the grantors-beneficiaries agreed that the trust estate would be liable for the payment of all claims against the estate.

■ The question is whether the trust was a revocable trust under ORS 316.830 as plaintiff contends. If it was, the income is taxable to the grantors, otherwise it is taxable to the trust under ORS 316.815(5).

■ ORS 316.830 provides that the income of a trust is taxable to the grantor where the power to revest in the grantor title to any portion of the trust is exercisable by the grantor, or a nonadverse party, or both.

■ The statute is almost exactly the same as section 166 of the 1939 Internal Revenue Code.[1]

The instant case is similar to *Helvering v. Wood,* 309 US 344, 60 S Ct 551, 84 L ed 796, 23 AFTR 1074, 40-1 USTC ¶ 9266 (1940), which involved § 166 of the 1939 code. There the trust was to expire in three years or earlier on the death of the grantor or his wife. The grantor was the trustee and his wife the beneficiary. The trust contained no power of revocation nor

[1] Section 166 of the 1939 code was amended and enlarged and now appears as § 676(a) of the 1954 code. The Oregon statute, however, was not changed.

any power to revest title in the grantor to any part of the trust corpus. The court found the trust was not taxable to the grantor because he was given no power to recall the corpus during the term of the trust. The grantor or his estate could not receive the corpus prior to the end of the term or on the death of himself or his wife, whichever was the earliest.

■ The trust agreement in this case, like *Wood,* did not contain any power to revoke or revest any portion of the trust in the grantors, hence it is not taxable to the grantors. It is true that it contained a provision that after the claims of Eleanor and Ruth had been satisfied the assets remaining would revert to Earl, Jr., Jeanne and Anne, the three children of the decedent. However, a power to revest or revoke is not the same as a reversion. The power to revest or revoke is generally discretionary with the grantor; a reversion is the residue left in the grantors after the determination of a particular estate. *Helvering v. Wood, supra.*

■ The rule in Oregon is that the trust is irrevocable unless the grantor reserves the power of revocation. *Stipe v. First National Bank,* 208 Or 251, 301 P2d 175 (1956).

■ In his brief the plaintiff argues that the trust is revocable because the general law is that trusts may be revoked by the grantor with the consent of the beneficiaries. However, in *Helvering v. Helmholz,* 296 US 93, 56 S Ct 68, 80 L ed 76, 16 AFTR 979, 36-1 USTC ¶ 9603 (1935), the United States Supreme Court held that such general rule that all parties in interest to a trust may terminate the trust does not make the trust revocable so that the income is taxable to the grantor.

■ Since the trust contained no power of revocation nor any power to revest the corpus in the grantors it is not a revocable trust under ORS 316.830 and the income must be taxed to the trust entity and not to the grantors.

The order of the tax commission is affirmed.